FRANKLIN COUNTY, JANUARY TERM, 1828.

*Shadrach Hathaway* vs. *Shiveric Holmes.*

Any Justice of the Supreme Court, or a Chief Justice of any County Court in vacation, has jurisdiction to issue a writ of *habeas corpus* in favor of one imprisoned on execution, in civil process, and to decide on the question of the party's imprisonment; and though the cause assigned for the discharge of the prisoner be clearly insufficient, and the judge err in discharging him, and although the proceedings be not strictly regular, for want of notice to the creditor in the execution, yet the discharge will be a protection to the sheriff against an action for an escape.

THIS was an action on the case for the escape of one *Silas Hathaway*, who had been committed to jail on an execution in favor of the plaintiff. The declaration stated, that the plaintiff in January, 1821, recovered a judgment in the Supreme Court in *Franklin* County against said *Silas* for $1919,54 damages, and $37,30 costs of suit—that he afterwards took out an execution on said judgment, dated Feb. 10, 1821, and delivered the same to the defendant, then being sheriff of said county—that the defendant on the 30th day of March, 1821, arrested the said *Silas* by virtue of said execution, and committed him to the common jail in *St. Albans*—and that the said defendant afterwards voluntarily suffered him to escape, without the consent of the plaintiff.

The defendant pleaded in bar—"That the legislature of the state of *Vermont*, at their session holden at *Montpelier*, on the second Thursday of October, 1819, passed a special act or statute law on the first day of November, A. D. 1819, in favor of the defendant; which said act is in the words and figures following to wit:

" *An act for the relief of Silas Hathaway.* It is hereby enact-
" ed by the General Assembly of the state of *Vermont*, that the
" body of *Silas Hathaway* of *St. Albans*, in the county of *Frank-*
" *lin*, and state aforesaid be, and hereby is, freed from arrest and
"imprisonment by virtue of any writ of attachment, or execution,
"issued, or that shall be issued, by, or under the authority of this
" state, for the recovery of any debt due by bond, bill, note, cov-
" enant, contract, or promise, heretofore made, or entered into, for
" and during the term of three years from and after the passing
" of this act; and every sheriff, deputy sheriff, jailor or constable,

Franklin, Jan. 1829.    "or other officer, who shall have the

*Hathaway* vs. *Holmes*.    "said *Silas Hathaway* in custody, by " virtue of any writ of attachment or execution, issued, or that " shall be issued, as aforesaid, for the recovery of any debt, " or sum of money, due as aforesaid, within the said term of three " years, shall, on receiving a copy of this act, certified by the " secretary of state, discharge him, the said *Silas Hathaway*, from " such custody ; for doing which, this act shall be his sufficient " warrant.    Passed November 1, 1819 ;" as by said special act or statute law, a copy whereof, duly authenticated, is ready here in court to be shown, will appear.    And the defendant further says, that at the term of the supreme court, holden at *St. Albans*, within and for the county of *Franklin*, on the 29th day of January, A. D. 1821, the said *Shadrach* recovered against the said *Silas Hathaway* the said judgment mentioned in the plaintiff's declaration, as therein set forth, the said judgment being for a sum of money due by a promise made and entered into, by the said *Silas*, to and with the said *Shadrach* before the said first day of November, A. D. 1819, upon which judgment, the said *Shadrach* prayed out, and caused to be issued, his writ of execution, as the plaintiff in his said declaration hath also set forth ; and the said *Silas*, having been arrested on, and by virtue of, said execution, and committed to the custody of the defendant, within the common jail in *St. Albans*, within and for the county of *Franklin*, on the 30th day of March, A. D. 1821, the defendant then and still being keeper of the said jail ; and the said *Silas* being in close custody of the defendant, within the walls of said prison, by virtue of said execution, did, on the said 30th day of March, A. D. 1821, complain in writing to *Joseph D. Farnsworth*, chief judge of the county court of the said county of *Franklin*, (it then being between terms, or in vacation of said county court,) stating as follows, to wit :

" To the Hon. *Joseph D. Farnsworth*, Chief Judge of the " *Franklin* county court, in the state of *Vermont*.—The subscri- " ber is imprisoned in the common jail in *St. Albans*, in the coun- " ty of *Franklin*, by virtue of an execution in favor of one *Sha- " drach Hathaway* against your complainant, issued and dated the " 10th day of February, 1821, and signed by *Horace Janes*,

"clerk. The complainant further states, $\{$ Franklin, Jan. 1828.
"that the Legislature of the state of *Ver-,* $\}$ *Hathaway* vs. *Holmes.*
"*mont,* at their October session, holden at *Montpelier,* in the
"year 1819, passed a special act for his relief, entitled "An act
"for the relief of *Silas Hathaway* ;" and the said writ was is-
"sued by and under the authority of this state, for the recov-
"ery of a debt due by an implied contract, made before the
"first day of November, 1819, if ever made, and before the pas-
"sing of the aforesaid act : and he prays that a writ of *Habeas*
"*Corpus* may be granted him, and an inquiry made into the cause
"of his said commitment.

" SILAS HATHAWAY.

"*St. Albans Jail, 30th March,* 1821."

Which complaint was duly presented to the said Chief
Justice. And upon such complaint, and upon a view of the copy
of said writ of execution, the said *Joseph D. Farnsworth,* Chief
Judge, as aforesaid, in vacation, on the day and year last aforesaid,
at *St. Albans* aforesaid, awarded a writ of *habeas corpus,* direct-
ed to the Sheriff of *Franklin* county, and keeper of the jail in *St.
Albans.* And said writ of *habeas corpus,* being duly presented
to the defendant, sheriff and keeper of said prison, as aforesaid,
the defendant received the same, and afterwards, on the said 30th
day of March, A. D. 1821, the said defendant returned the said
writ to the said *Joseph D. Farnsworth,* Chief Judge, as aforesaid,
together with the body of the said *Silas Hathaway,* with the fol-
lowing return and causes of confinement, to wit:—"To the Hon.
" *Joseph D. Farnsworth,* Chief Judge of *Franklin* county court:
" In obedience to the within writ, I now have the body of the with-
" in named *Silas Hathaway* at the place appointed, and for the
" cause and day of commitment of the said *Silas Hathaway* to
" my custody, show that the said *Silas* was, on the 30th day of
" March, 1821, committed to the keeper of the jail in *St. Albans,*
" in the county of *Franklin,* by virtue of an execution to me di-
" rected, as sheriff of the county aforesaid, by one *Shadrach Hath-*
" *away, Esq.* against said *Silas Hathaway.*"

[Here follows a copy of the execution, in common form, and
the sheriff's return thereon.]

And on the day last aforesaid, in *St. Albans,* as aforesaid, the

Franklin, Jan. 1823. *)* said *Silas Hathaway,* being brought, by vir-
*Hathaway* vs. *Holmes.* *)* tue of said writ of *habeas corpus,* before the
said *Joseph D. Farnsworth,* Chief Judge, as aforesaid, the said
Chief Judge then and there proceeded to examine into the causes
of the said confinement of the said *Silas;* and it appearing to said
Chief Judge, that the said *Silas* was confined without sufficient
cause, he, the said Chief Judge, did then and there adjudge and
determine, that the said *Silas Hathaway* was confined without suf-
ficient cause, and did then [and there discharge the said *Silas
Hathaway,* and did then and there order and direct the defendant,
being sheriff and keeper of said prison, as aforesaid, to discharge
the said *Silas* from his said confinement, as by the record and
proceedings of the said *Joseph D. Farnsworth,* Chief Judge as
aforesaid, in the premises, a copy whereof is ready here in court to
be shown, will more fully appear. And afterwards, to wit, on the
same day and year aforesaid, the said *Silas,* by virtue of the said
judgment and determination of said Chief Justice, and of the said
order and direction of said Chief Justice, for the discharge of the
said *Silas,* he the said *Silas,* not having before committed any es-
cape, did depart from said prison, and out of the custody of the
defendant; which is the same escape complained of in the plain-
tiff's declaration. All of which the defendant is ready to verify.
Wherefore he prays judgment, if from having and *maintaining his*
said action thereof against the defendant, the plaintiff ought not to
be barred, and for his costs."

The plaintiff's replication, after protesting that the Legislature
had no right, or lawful and constitutional authority whatever, to pass
a special act or statute for the relief of said *Silas Hathaway,* in
manner and form as set forth in said plea; and that the said
Chief Judge had no right or lawful authority to discharge said
*Silas,* as mentioned in said plea, stated, "That after said act was
passed, that is to say, on the 10th day of October A. D. 1820,
the said *Silas Hathaway* became holden to the plaintiff, in the
sum of $6000, for a certain paid, laid out, and expended for him,
the said *Silas Hathaway,* about the sum of £900, for money
lent and advanced and by reason of $900, laid and by had and
received, also for the sum of $3000, for work and labor perform-
ed; and, thereupon, the said *Shadrack Hathaway,* for the pur-

pose of collecting his aforesaid demand a- Franklin, Jan. 1823.
gainst the said *Silas Hathaway*, on the 30th Hathaway vs. Holmes.
day of October, 1820, took out his writ of attachment in his favor against the said *Silas Hathaway*, demanding damages$ 3,-000, declaring upon the aforesaid *general counts* in *assumpsit* ; which writ was duly served and returned, and the same, in due course of law, came on to be tried before the Supreme Court, at the January Term, 1821 : by the consideration of which court, after a verdict for the said *Shadrach Hathaway*, against the said *Silas Hathaway*, he, the said *Shadrach*, recovered the judgment for his damages and costs, mentioned in his declaration aforesaid : and the said *Silas* thereupon moved said court in writing, that the execution which should be issued upon that judgment, should not issue against his body, but against his goods, chattels and lands only; and relied on the provision contained in the aforesaid act of the Legislature, passed November 1, 1819, entitled " an act for the relief of *Silas Hathaway*." Whereupon the said Supreme Court, then and there, at the January Term, 1821, aforesaid, proceeded to hear, try and determine the aforesaid motion of him the said *Silas Hathaway*, and did then and there consider, order and adjudge, that the said *Silas Hathaway* should take nothing by his aforesaid motion ; and that the execution should issue in the usual form against the body, goods, chattels and estate of said *Silas* ; which said judgment remains in full force, strength and effect, not reversed, annulled, vacated, or in any wise impaired, or set aside, as by the record and proceedings of the Supreme Court, there remaining of record, will appear. And the said *Shadrach Hathaway* further says, that the aforesaid judgment in his favor against the said *Silas Hathaway*, as set forth in his declaration against the said *Shiveric Holmes*, was rendered for the recovery of a debt due by promise, made and entered into after the said act was passed, to wit, on the 10th day of Oct. 1820. And this the said *Shadrach Hathaway* is ready to verify."

To this replication there was a demurrer, and several special causes were assigned not necessary to be mentioned.

*Wetmore* and *Royce, for the defendant.* It is contended that whether the act of suspension is available or not, the decision of

Franklin, Jan. 1828.

*Hathaway* vs. *Holmes.*

the judge upon the *habeas corpus* furnishes a conclusive defence. The writ of *habeas corpus* is an ancient common law writ, and lies for one to be relieved from unlawful confinement upon criminal and civil process, and not merely to be bailed or transfered from one jurisdiction or prison to another, but to be bailed, remanded or discharged, as justice may require.—3 *Bac. Ab.* 421.—2 *Sellon's Pr.* 257.—1 *Sw. Dig.* 568.—1 *Chit. C. L.* 97.—1 *Tyler*, 274, *exparte Hall.*—18 *Johns. R.* 305, *Bank U. S.* vs. *Jenkins.*—2 *N. Y. Dig.* 1067.—3 *Bac. Ab.* 1. The *habeas corpus* act of 31 *Ch. II.* extends only to criminal cases, and expressly excepts or excludes from its operation all persons confined under sentence in execution, or by any civil process.—1 *Chit. C. L.* 100-1, 104, and the statute of *New York* is similar.—15 *Johns.* 152, *Cable* vs. *Cooper.*—1 *N. Y. Dig.* 496. But the persons thus excluded from these statutes are not deprived of their *habeas corpus* at common law.—3 *Bl. Com.* 137.—18 *Johns.* 305, above cited ; and *N. Y. Dig.* 1067. And the *habeas corpus*, at common law, extends to commitments on execution.—3 *Bac. Ab.* 13, *Bushnell's case, cited and approved.*—3 *Will.* 175 ; also, 3 *Bac. Ab.* 5.—*Cro. Eliz.* 821.—3 *Cranch*, 448.—6 *Johns.* 337, *Yates* vs. *People of N. York.* The courts of the *United States* have decided that they possess no common law jurisdiction of this writ.—*Chit. C. L.* 101, (*note*) and hence the decision in *ex parte Willson*, 6 *Cranch* 52. This writ in *Vermont, Connecticut, Pennsylvania,* and other places, where the English practice does not prevail, extends to commitments upon executions in civil cases.—1 *Sw. Dig.* 568—*Simmon's case,* before the Supreme Court in *Franklin County*, A. D. 1810, and other cases in the recollection of lawyers. Nothing has been more common than the discharge of witnesses in execution by this writ.—2 *Sw. Dig.* 582-3.

There are ample reasons for adopting this remedy here, which do not exist under the *English* and *New York* practice, especially when the object of the writ, as in this case, is not to impeach, or vacate a previous judgment, but merely to control the party for a time, in attempting to hold the body of the debtor in prison. Our statute also authorities the writ in case of civil

execution. The act of 1797 confered <span>{ Franklin, Jan. 1828.</span>
on the County [and Supreme Courts <span>Hathaway vs. Holmes.</span>
the power to issue this writ agreeably to the usages of law ;
but added an express provision, that it should not be grant-
ed in vacation to bring up a person in jail before trial.—*Statute p*.
62. By the statute of 1814, this writ is extended to every per-
son confined, for any cause, and upon any pretence whatever,
and contains no such restraining provision.—*Stat.* 105. The *Con-
necticut* act was like ours of 1797, without the provision aforesaid.
—1 *Sw. Dig.* 569. The statute of *Pennsylvania* is like ours of
1814.—3 *Binney*, 404, *Heeker* vs. *Jarrat.* Under all these stat-
utes this writ has been extended to execution in civil cases.
See also acts of 1825, *p.* 6, *and acts of* 1826, *p.* 4.

The defendant was not obliged to allege notice to *Shadrach
Hathaway* of *Silas Hathaway's* application for discharge on
*habeas corpus,* for notice is a matter between the parties only,
with which an officer has no concern.—18 *Johns.* 49, *Hassin* vs.
*Griffin.*

In this case the judge had all the jurisdiction and authority on
the subject of this writ which existed in the government, and his
discharge was therefore as effectual to protect the defendant, as
if made by the Supreme Court in full bench.—*Stat.* 105.—6 *Johns.*
337, and 1 *N. Y. Dig.* 493-4.

It is contended that the defendant must be excused in obeying
the order of the judge, whether his decision were right or wrong ;
for the judicial order of every superior tribunal or jurisdiction
must protect its own officers and servants.—1 *Sw. Dig.* 499.—
1 *Chit. Pl.* 183.—3 *Binney*, 406, *Heeker* vs. *Jarrat.*—*Cro.
Eliz.* 5.—3 *Bac. Ab.* 13. It is contended, that if the Judge had
authority to issue the writ, and if the defendant would have been
excused for bringing up the body of *Silas Hathaway,* in obedience
to it, he must be equally excused in yielding obedience to the
final order of the Judge ; for it is not possible that a court or
magistrate shall have a right to act upon any subject, and that the
ministerial officers of the court shall be responsible for the cor-
rectness of its decision. For the plaintiff to recover, he must
therefore shew that an action would have been sustainable against
the defendant for the act of bringing up the body of *Silas Hath-*

Franklin, Jan. 1828.
Hathaway vs. Holmes.

*away* under this writ, though he had been immediately remanded and recommitted, and that the same consequences would have resulted if the writ had been awarded by the Supreme or County Court in session.

*Aldis* and *Richardson, for the plaintiff.*

The plaintiff contends, that the special act of the Legislature, giving *Silas Hathaway* the privilege of being exempt from imprisonment, is void—that this is legislating, not for community, but for an individual—it is an exemption of one from the operation of a general law. If the Legislature have power to exempt him from the controul of one general law, they might exempt him from the controul of all.—11 *Mass.* 396, *Holden* vs. *James.*

It appears by the pleadings, that *Silas Hathaway*, before the issuing of the writ of execution, presented to the court his special act, praying that no writ of execution might issue against his person—that the court adjudged that the special act did not protect him from arrest in that case. Plaintiff contends that this adjudication cannot be inquired into, or set aside, by any other tribunal. But if the court should consider that the pleadings do not shew that the subject has been determined by the court issuing the execution, the plaintiff further contends, that *Hathaway's* omitting to claim his privilege, (if any he had) before the court issuing the execution, is such a waiver of his privilege, that he cannot in that case ever after claim it, and more especially, as it does not appear that he claimed his privilege at the time of his arrest, nor even till after his commitment.—4 *Dal. Rep.* 107, *Geyer* vs. *Irwin. Id.* 321, *Dupont* vs. *Pichon.*—15 *Johns. Rep*, 155.—18 *Id.* 52.

The plaintiff further contends, that the special act, (without taking into consideration the above mentioned objection) would not justify the sheriff in permitting *Hathaway* to escape, because the process was regular on the face of it, and would therefore justify him in detaining *Hathaway.*—2 *Esp. Dig.* 233.—*Cro. Eliz.* 576, *Sheriff of Durham's case.*—3 *T. R.* 185, *Belk* vs. *Broadbent & wife.*—1. *Salk.* 273, *Shirley* vs. *Wright.*—4 *Bac. Ab.* 450.

It appears in this case there was a regular judgment—that execution issued in legal form and due time, and that *Hathaway* was legally committed—that the proceedings on the face of them were good. It is contended that the question, whether *Hathaway* had the privilege of being free from arrest and imprisonment, is not a

subject for a writ of *habeas corpus.*— The question between him and his cred-itor could not be tried by such a writ. The *habeas corpus ad subjiciendum,* which is the writ in question, lies only in criminal cases, or when a person is imprisoned without any authority.— *Cro. Car.* 466, 14.—3 *Bac. Ab.* 2, 3, 4, 7, 15.—6 *Cranch,* 52, *Wilson's case.*—8 *T. R.* 325, *The King* vs. *Flower.*—3 *Wilson's Rep.* 188, *Crosby's case.*—5 *Johns. Rep.* 282.—4 *Id.* 315. *Jacob's L. D. title, Habeas Corpus.*

Franklin, Jan. 1828.

*Hathaway* vs. *Holmes.*

The statute of 16th *Charles,* is declaratory of the common law, and does not embrace the present case.—*Jacob's Dic. Habeas Corpus.* The statute of 31st *Charles II.* does not alter the common law, as it respects the subjects proper for a writ of *habeas corpus.* It creates new tribunals to issue the writ, and corrects the abuses of delays. The third section applies to bailing, and excepts treason or felony plainly expressed in the warrant of commitment, and persons convict, or in execution by legal process. These exceptions did not alter the common law in this respect.— 3 *Bac. Ab.* 7, 8.

The 8th section provides, in substance, that a discharge on a criminal, offence should not operate to discharge him from debt or other action, or from process in civil causes. This is a cautionary direction to the Sheriff.

The statute of this state declares the writ of *habeas corpus* to be a writ of right, and like the statute of 31st *Chs. II.* does not alter the law as it respects the subjects proper for this writ. It creates new tribunals to issue it, and prescribes modes by which it may be more easily and certainly obtained. The 6th and 10th sections shew that it was designed to discharge only in criminal proceedings, aud when the prisoner is imprisoned without any authority, and also to bail in certain cases. It is clear, the Legislature, by this statute, did not contemplate the writ of *habeas corpus* as an adversary suit to try a question between creditor and debtor, as to the right of imprisonment. It prescribes no mode of trial, nor requires any notice to the adverse party. In most cases, for want of time, notice would be impossible.

The tribunal created by the *habeas corpus* act of this state, authorized to act in vacation, acts in a ministerial, and not in a judi-

Franklin, Jan. 1828. } cial capacity; but if judicially, it is at most
Hathaway vs. Holmes. } only a court of special and limited juris-
diction, and has no power to act unless in those cases expressly
mentioned in the statute; and if the judge presume to order a
discharge in a case not within the statute, his acts are void, and
the sheriff is not justified in obeying the order.—5 *Johns. Rep.*
282.—15 *Id.* 154.—3 *Bla. Com.* 71 *to* 85.—10 *Mass.* 356,
*Briggs* vs. *Wardwell.*

In this case the defendant does not in his plea aver that the
plaintiff had notice of the *habeas corpus*, or was present at the tri-
al. It is for the defendant to aver notice in his plea: it cannot be
presumed. Hence the proceedings of the Judge in this *habeas
corpus* are *exparte*. It would be inconsistent with the principles
of justice that this *exparte* trial should affect the rights of the plain-
tiff. On this ground the proceedings are void.—14 *Mass.* 222.
—13 *Mass.* 264.

The habeas corpus is not necessary to correct abuses of impris-
onment in civil process. The law provides other remedies by
which the rights of contending parties may be tried and determined.
It may be by motion in Court for a rule on the adverse party to
shew cause, or by *audita querela.* In this state, the writ of *audi-
ta querela* is a proper and efficacious remedy, and was the prop-
er remedy in this case.—*Jacob's L. D. tit. Audita Querela.*—
*Dane's Abr.* 313-14.—1 *Bac. Ab.* 196, 198.

This case was argued at a previous term of the court, and was
continued for advisement until the present term, when the decis-
ion of the court was pronounced by

PRENTISS, J. The general question arising upon the plead-
ings is, whether or not the discharge of the party, upon the writ
of *habeas corpus,* from imprisonment on the plaintiff's execution,
constitutes a defence to this action. The determination of this
question involves the inquiries, whether the Judge who issued the
writ, and ordered the discharge, had jurisdiction of the case; and
if he had; whether the discharge, although the proceedings were
erroneous or irregular, is, notwithstanding a protection to the
sheriff?

The *act of* 1797 *(Comp. Stat. p.* 61, *s.* 13,*)* empowered the
Supreme Court, and the several County Courts in this state, in

term time, to issue writs of *habeas corpus*,  ⎫  · Franklin, Jan. 1828.

agreeably to the principles and usages  ⎬  *Hathaway* vs. *Holmes.*

of law; and also invested either judge of the Supreme Court, in the recess of the court, with power to grant the writ, for the purpose of an inquiry into the cause of commitment, with this restriction, that the writ should, in no instance, extend to persons in gaol, unless when committed for trial, or were necessary to be brought into court to testify, or to be surrendered in discharge of bail.    This was the only enactment which existed in relation to the writ of *habeas corpus*, until the act of 1814 was passed, making further provision on the subject, and declaring the writ to be a *writ of right*, to obtain relief from every wrongful imprisonment, or unlawful restraint of personal liberty.    The latter act provides, that any person imprisoned in any common gaol, or otherwise restrained of personal liberty, by any officer or officers, or any other person or persons, *for any cause*, or *upon any pretence whatever*, or any one in his behalf, may complain in writing to the Supreme Court, in term time, or to either judge thereof in vacation, or to the county court where such person is imprisoned, in term time, or to the chief judge thereof in vacation ; and upon such complaint, and upon view of the copy of the *warrant*, or *process*, if any there be, by which such prisoner stands committed, or upon affidavit of the prisoner, or of any other person in his behalf, that a copy of such *warrant* has been demanded and denied, or that such prisoner is imprisoned or restrained of personal liberty without due process of law, the supreme court in term time, and either judge thereof in vacation, and the several county courts in term time, and the chief judge thereof in vacation, in their respective counties, are authorized and required to award a writ of *habeas corpus*, and to bail, discharge, or remand the complainant, as the case may require. (*Comp. Stat. p.* 105, *s.* 2, 3.)  This act is certainly not confined to cases of imprisonment on criminal charges, but extends to persons imprisoned in jail, or otherwise restrained of personal liberty, *for any cause*, or *upon any pretence whatever*.    The words are large and comprehensive, and it would be doing violence to the act to say, that it did not comprehend cases of imprisonment on civil process, whether original or final.    In this respect, the act is unlike the statute of 31 *Car.* 2, *c* 2., as well as the stat-

ute of *New York*. The English stat-
ute authorizes the award of a *habeas
corpus*, in vacation, in behalf of any person committed, and
charged with any crime, except persons convicted or in execu-
tion by legal process, or committed for felony or treason plainly
expressed in the warrant, and extends only to the case of commit-
ment for criminal charges; all other causes of unjust imprisonment,
as Sir *William Blackstone* says, being left to the *habeas corpus*
at common law.—3 *Black. Com.* 137.—The statute of *New York*,
requires a judge in vacation to allow the writ to all persons im-
prisoned, *other than persons convict*, or *in execution by legal pro-
cess*. The act of this state contains no exception of this nature,
and we cannot thus limit its application, without narrowing the op-
eration of the act, contrary to the plain letter and intent. It is
worthy of notice, that the act of 1825, passed in explanation of
the act of 1814, extends the benefit of the writ of *habeas corpus*,
under the provisions of the latter act, to any person admitted to the
liberties of the prison. This appears to be a plain declaration of
the sense of the legislature on the subject, and shews unequivocally
that the act of 1814 was considered as extending to persons in exe-
cution on civil process. In *Hecker* vs. *Jarret*, 3 *Binney*, 404, it was
determined that the statute of *Pennsylvania*, giving the writ in all
cases, where any person shall be confined or restrained of his per-
sonal liberty, *under any color or pretence whatever*, extended to
cases of imprisonment on execution. The statute of *Connecticut*
also gives the writ, in general words, to any person *illegally con-
fined*, or *deprived of his personal liberty;* and it is there held that
a *habeas corpus* may be granted, where a person is imprison-
ed under color of law, by some process or warrant in civil or crim-
inal cases; and as instances where a person imprisoned by civil
process may be discharged by this writ, the cases are mentioned
where a person is committed on an execution which has been
superceded by a writ of error, or when he was privileged from
arrest, or when one so committed is detained in prison after taking
the poor debtor's oath.—1 *Sw. Dig.* 568.—In *Massachusetts*, in
*exparte Mc Neil*, 6 *Mass.* 245, a *habeas corpus* was granted to
discharge a party, who had been arrested upon execution, issu-
ed against him upon a judgment in a civil action, while attending

court as a party in a cause pending. And in *Exparte Hatch*, 2 *Aikin's Reports*, 28, this court issued a writ of *habeas corpus*, and discharged the party from imprisonment on execution, upon the ground of the irregularity of the execution and arrest. Indeed, at common law, the instances in the books are numerous, in which a *habeas corpus*, awarded by a superior court, and returnable therein, has been issued to inquire into the legality of a commitment on execution. The jurisdiction to grant the writ, to inquire into the cause of commitment, appears to be general, extending to all cases either civil or criminal; but when the party is brought up, if it appears from the return that he is in execution by the judgment of another court, having competent jurisdiction, the court will not examine into the merits of the judgment, nor discharge him, if the execution is regular and valid upon the face of it, unless some matter is presented extrinsic of the judgment, which entitles him to be discharged.

By the statute of this state, a judge of the Supreme Court, or the chief judge of the County Court, in vacation, has the same power to grant the writ of *habeas corpus*, and discharge from imprisonment, which this court has in term time. Although the power may be a high and delicate one, to be exercised by a judge in vacation, yet if it be plainly given by the act, we are not authorized to deny it to him. Whether it was expedient to give such extensive powers to a judge in vacation, was a matter exclusively within the province of the legislature to determine; and if they have given it, it is in vain to object to his jurisdiction, by saying that he may abuse the power, by discharging persons from imprisonment on execution, upon false or frivolous pretences. Objections founded on the possible abuse of power may be urged against it, and if allowed to prevail, would preclude the exercise of all delegated authority whatever. But if the power in question did not exist in a single Judge, perhaps the evils might be greater than could be apprehended upon any reasonable supposition, from an abuse of the power. A person may be imprisoned on an execution issued without any judgment to warrant it, or from a court having no jurisdiction, or where the execution has been superseded, or the party was privileged from arrest, as

EEE

Franklin, Jan. 1828.  } a witness or party in a cause, or a
Hathaway vs. Holmes.  } member of the legislature or of congress, or may be detained in prison after taking the poor debtor's oath; and if there was no mode of discharging from imprisonment on execution, but in term time, there might be these and other violations of personal privilege and personal liberty, without the power of immediate relief. But the objections founded on the supposed abuse of the power will be found, on examination, to be less formidable, than they may at first view appear. Although a judge in vacation has the power to discharge from imprisonment on execution, yet we do not admit that his decision can control the judgment, or defeat the jurisdiction of this or any other court of record. The judgment of a court of record, acting within its jurisdiction, is conclusive, until set aside by error, or other proper proceeding, and it cannot be vacated, nor its merits examined into, on a *habeas corpus.* The execution itself may be irregular and void, or there may be other reasons, extrinsic of the judgment, for relieving from the imprisonment; and in such case the discharge leaves the judgment in full force, and only relieves the party from the present effect of it. The provision in the 10th section of the act, that the party discharged shall not be again imprisoned for the same cause, was never intended to apply to a court of record, and to make the decision upon a *habeas corpus* final, so that the court may not issue a new execution to enforce the judgment. In *Yates's case,* 4 *Johns. R.* 357, *Kent,* C. J. said, "that a discharge by a judge in vacation could not have the effect to preclude the court having jurisdiction of the cause of commitment, from making a new order, or signing a new process for the imprisonment of the party."

The cause assigned for the discharge of the party, in the application for the *habeas corpus* in this case, was, that he was privileged from arrest and imprisonment, by virtue of a special act of the legislature. As the act, under which the privilege was claimed, was unconstitutional and void, according to the decision in *Ward* vs. *Barnard,* 1 *Aik. Rep.* 121, the cause assigned was clearly insufficient, and the judge erred in discharging the party. But although the proceeding was erroneous in this respect, or, as is further insisted, was not strictly regular for want of notice to

the plaintiff in the execution, yet the dis- ⎧ Franklin, Jan. 1826.
charge, on common principles, must be a ⎨ *Hathaway* vs. *Holmes.*
protection to the sheriff against an action for an escape.     The
doctrine established by the adjudged cases is, that the order
of a court of competent jurisdiction, or of a magistrate, acting with-
in the scope of his jurisdiction, will protect the officer.     In the
case of the *Marshalsea*, 10 *Co.* 76, it is laid down, that when a
court has jurisdiction of the cause, aud proceeds erroneously, no
action lies against the officer who executes the process; but if the
court has not jurisdiction of the cause, the whole proceeding is
*coram non judice*, and he is not protected.     An officer is justified
in executing a writ of execution, if the court had jurisdiction,
though the judgment was irregular, and is afterwards vacated.—
1 *Lev.* 95, *Turner* vs. *Felgate.*—2 *Wils.* 382, *Perkin* vs. *Proc-
tor.*—In *Brown* vs. *Compton*, 8 *T. R.* 424, where the discharge
of an insolvent debtor was held to be void, and the sheriff liable
in an action for an escape, for want of jurisdiction in the court grant-
ing the discharge, it was admitted that if the court had jurisdiction
over the question, the sheriff would have been justified in obeying
the order, although the proceeding might not have been strictly
regular, or the court exercised their jurisdiction in an improper
manner.     In *Cable* vs. *Cooper*, 15 *Johns. R.* 152, the question was
whether a judge in vacation had jurisdiction upon a *habeas corpus*,
to discharge a party imprisoned on execution.     A majority of the
court held, that as the statute of *New York* prohibited a judge in
vacation from granting a discharge, whenever the party was *in ex-
ecution by legal process*, the judge in that case had assumed a ju-
risdiction which did not belong to him, and the discharge was void.
*Spencer, J.* was of opinion, that as the judge had power to a-
ward the writ in all cases of persons imprisoned or restrained,
it was necessarily referred to him, and was within his jurisdiction
to decide, whether the party applying for the writ was in execu-
tion by *legal process*.     All the court agreed, that if the Judge had
jurisdiction, and acted within the scope of his powers, it would be
entirely immaterial, as it respected the sheriff, whether he decid-
ed right or wrong; for the officer would be protected in yielding
obedience to the decision.     Whether in the present case the
judge ought to have remanded the party, instead of discharging

him, is not the question here. If the judge had jurisdiction to issue the writ of *habeas corpus*, and decide upon the question of the party's imprisonment, as we have already seen that he had, the sheriff could not be guilty of an escape, either in bringing up the party in obedience to the writ, or in afterwards obeying the order made for his discharge, whether the proceeding was in all respects regular, or the judge erred in the exercise of his judgment, or not.

Judgment for the defendant.

*Richardson* and *Aldis* and *Davis,* for the plaintiff.

*Wetmore* and *Royce,* for the defendant.