In re Hosley.

⚫⚫⚫⚫⚫⚫⚫

## In re RUSSELL D. HOSLEY.

It is not sufficient to entitle a prisoner to discharge upon *habeas corpus*, that he is committed upon *mesne* process, in an action founded on contract, issued against his body by a justice of the peace, upon the affidavit of the creditor, when he offered himself to be examined, under the statute of November 5, 1845, in regard to the grounds upon which the writ issued as a *capias*, and the justice declined to examine him.

Nor is it a sufficient reason for ordering his discharge, that the creditor had previ-ously commenced another suit against him, for the same cause of action, and had therein attached his property to double the amount of the debt.

HABEAS CORPUS. The petitioner alleged, that he was imprisoned in jail by virtue of *mesne* process, in an action of assumpsit, signed by a justice of the peace, in favor of Sumner S. Wheeler of Plymouth, demanding in damages the sum of $70 ; that when he was arrested, he gave notice to the officer, that he should forthwith appear before the magistrate, who signed the writ, and submit him-self to examination on oath, upon the question whether he was about to abscond or remove from the state, and had secreted about his person, or elsewhere, money, or other property ; that he caused a notice to the same effect to be served upon the creditor ; that im-mediately thereafter, the creditor, the petitioner and the magistrate were together, and the petitioner submitted himself to examination

*In re* Hosley.

in the matter; but that the magistrate refused to make any examination, and denied the right of the petitioner to claim such privilege; that the petitioner was a citizen of this state, and had never had any intention of absconding or removing therefrom; and that the creditor, Wheeler, had previously sued out a writ against him, for the same cause of action, returnable to the county court, and had attached thereon the personal property of the petitioner to more than double the amount of the debt. The creditor was served with notice of the pendency of the petition.

*Washburn & Marsh* for petitioner.

*Tracy & Converse* for creditor.

The opinion of the court was delivered by

REDFIELD, J. In this case the petitioner asks to be discharged, for the reason, that he is committed on *mesne* process, issued against his body by a justice of the peace, upon the affidavit of the creditor, when he offered himself to be examined, under the late statute, [Acts of 1845, p. 17,] in regard to the grounds, upon which the writ issued as a *capias*, and the justice declined examining him,— and also for the reason, that the creditor has already brought suit for the same cause of action, and attached property to twice the amount of the sum due.

It seems to us, that neither of these grounds is sufficient to entitle the petitioner to his discharge. The last ground alleged is matter of abatement merely, and should be presented in a traversable form, and as a direct answer to the suit, and not in this collateral manner. We might, with almost as much propriety, be called upon to discharge one upon *habeas corpus*, committed on *mesne* process, because there was nothing due,—and so the suit was mere oppression.

In regard to the second ground urged,—the statute upon this subject is very broad undoubtedly, and the case of *Hathaway* v. *Holmes*, 1 Vt. 405, where the subject is very elaborately discussed by PRENTISS, J., shows, that this remedy is of very extensive application. But we are not aware, that it has ever been resorted to and sustained in a case like the present. The refusal of the justice to ex-

amine the defendant in the process and the other proofs, and make the proper determination of the matter, and, if favorable to the debtor, (or defendant,) give a certificate accordingly, may be, and, as the proof appears before us, would seem to be, improper. But *we* could not grant the certificate, because the legislature have given us no such authority; and to discharge the petitioner, upon the mere refusal of the justice to proceed to the hearing, might do injustice upon the other side. It would certainly be an unauthorized proceeding. The only effectual remedy in such case would seem to be a *mandamus*, commanding the justice to proceed in the matter. Certainly this is not the appropriate remedy.

Prisoner remanded and petition dismissed.