STATE, Respondent, v. PHELPS, Appellant.

*No. 75–42–CR. Submitted on briefs May 5, 1976.— Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 213.)

314

For the appellant the cause was submitted on the briefs *of Frederick H. Miller* and *Miller & Mussallem* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

CONNOR T. HANSEN, J. The state concedes, as it should, that the trial court's conclusions that the airport search was illegal and the search warrant subsequently issued was invalid are supported by the evidence. The question on appeal is whether the evidence obtained by the search conducted at the office of the Madison Metro Narcotics Squad should be suppressed. Defendant argues that he was arrested because of the knowledge Detective Kretschman gained from the illegal search of the suitcase. Therefore, defendant argues his arrest is invalid and cannot support the subsequent search of the suitcase without a warrant. Alternatively, defendant argues that if the arrest was lawful, the police station search was not incident to, because it was not contemporaneous with, the arrest.

In *Day v. State* (1973), 61 Wis. 2d 236, 212 N. W. 2d 489, certiorari denied, 417 U. S. 914, 94 Sup. Ct. 2614,

41 L. Ed. 2d 218, the plaintiff in error was arrested in Juneau county for driving after revocation of his driver's license. His improperly licensed station wagon was taken to a service station while he was incarcerated. Household goods in and upon the station wagon, observed in plain view by the Juneau county sheriff, turned out to be the fruits of a burglary in Marquette county. The vehicle was seized by Marquette county authorities, taken to Marquette county, and thoroughly searched without a warrant. A motion to suppress evidence seized in the course of that search was denied. We held the Juneau county sheriff, having discovered them in plain view, could have seized the articles without a warrant once he learned they were stolen. That conclusion rendered the later intrusion by Marquette authorities reasonable, notwithstanding that it was done without a warrant. The case stands for the proposition that if a warrantless seizure of evidence would have been authorized, a delay for a reasonable period of time will not invalidate a subsequent warrantless seizure.[1]

Excluding knowledge gained as a result of the illegal search, Detective Kretschman had the following information at the time plaintiff in error was arrested: Defendant had taken the bags with him to Tucson the day before, and had returned to Madison the following afternoon. This suggested that his only purpose was an overnight visit. The bags were heavy and the shape of the contents was brick-like. This suggested to Kretschman, an experienced narcotics squad officer, that the bags contained bricks of marijuana. Significantly, the Northwest Airlines transportation agent also arrived at this conclusion. However, Kretschman had one more fact available to him which was not known to the transporta-

[1] *See also: United States v. Edwards* (1974), 415 U. S. 800, 94 Sup. Ct. 1234, 39 L. Ed. 2d 771.

tion agent. When Kretschman checked the defendant's airline ticket and lost baggage tag, he discovered that the address given was that of a house which he had under surveillance. We hold there was probable cause to arrest defendant on a charge of possession of a controlled substance.[2]

■ Having arrested defendant with the bags in his possession, the police were entitled to search his person and the articles in his possession in the vicinity of the arrest.[3] Since the suitcases could have been searched without a warrant at the time defendant was arrested, he is in no position to complain because the search was delayed until after a warrant was obtained, even though the warrant subsequently proved to be invalid. We hold the three-hour delay in this case was reasonable and does not invalidate the search and seizure of evidence at the police station.[4]

*By the Court.*—Judgment affirmed.

[2] The tests for probable cause are set forth in *Leroux v. State* (1973), 58 Wis. 2d 671, 207 N. W. 2d 589.

[3] *State v. Mabra* (1974), 61 Wis. 2d 613, 213 N. W. 2d 545; sec. 968.11, Stats.

[4] *Day v. State, supra.*