SCHMIDT, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–659–CR. Submitted on briefs February 2, 1977.— Decided May 3, 1977.*
(Also reported in 253 N. W. 2d 204.)

372

For the plaintiff in error the cause was submitted on the brief of *John J. Carter,* of Milwaukee.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

BEILFUSS, C. J. The issues on appeal fall into four categories. First, it is claimed that a motion to suppress the evidence obtained in execution of the search warrant should have been granted. Second, it is argued the complaint is insufficient. Third, it is contended that a showing sufficient to bind over was not made at the preliminary hearing. Fourth, error in the course of the trial is alleged in denying the motion for mistrial, in sending the drug paraphernalia into the jury room, and in denying a motion to dismiss on the ground that the evidence was not sufficient to convict. We hold that the motion

to suppress was properly denied. The complaint is sufficient and the evidence at preliminary hearing was sufficient to bind over. There was no error in denying the motion for mistrial, nor in denying the motion to dismiss. However, because the trial court abused its discretion in sending the syringe and hypodermic needles into the jury room, we reverse the order denying plaintiff in error's motion for a new trial, vacate the judgment of conviction, and remand for a new trial.

We note that the record does not contain a written order denying the motion for a new trial. Ordinarily, we would have no power to review under those circumstances. *See: Dumer v. State,* 64 Wis.2d 590, 219 N.W.2d 592 (1974). However, in this case the errors alleged are contained in the record at and prior to trial. There being no indication that the motion for a new trial was acted on within 90 days from entry of the judgment of conviction, it was deemed overruled under sec. 974.02, Stats. It was only made for the purpose of preserving the right to review the alleged errors. The motion has served that function, whether decided by denial or by silence. Our subject matter jurisdiction is extended to this appeal by virtue of the judgment of conviction, which has been entered of record. No independent grounds having been asserted in support of the appeal on this point, we hold that the denial of the motion for a new trial is before us as a matter ancillary to the appeal from the judgment of conviction.

The search warrant in this case, having been obtained on an affidavit containing misrepresentations by the police officer as to the reliability of an unnamed informant, was invalid. The affidavit of officer Guse in support of the application stated that he had been given information by a reliable informant that Dale Schmidt was

going to travel to Sturgeon Bay with a large quantity of "speed" and marijuana for the purpose of selling these quantities in Sturgeon Bay. The informant was not named in the affidavit. With respect to the supporting proof of reliability, the affidavit stated as follows:

"That said officer [Guse] knows the said informant to be reliable in that he has furnished reliable information in the past and in that said informant has purchased drugs from persons in the City of Sturgeon Bay for the said officer in the past and that said informer had advised that these purchases of drugs were from part of a plan of distribution in the Sturgeon Bay area of amphetamine pills, "speed", of which the said Dale Schmidt was one of the main distributors and that said officer has checked the drugs furnished him by the informant and has found them to be a controlled substance, to-wit, amphetamines and further that said informant is a citizen informer."

At a hearing on the motion to suppress evidence obtained as a result of the search, Guse admitted that the informant had not furnished reliable information in the past and had not purchased drugs for Guse in the past. He also admitted that the informant did not tell him Dale Schmidt was one of the main distributors of "speed" in the Sturgeon Bay area. The facts asserted in support of reliability in the affidavit were untrue. This invalidates the warrant, even though there are other facts which would support its issuance. The record does not show that these facts were brought to the attention of the issuing judge. *State ex rel. Furlong v. County Court*, 47 Wis.2d 515, 177 N.W.2d 333 (1970).

 Holding that the warrant was invalid does not automatically invalidate the search as well. If the search was conducted within a reasonable time following an arrest based on probable cause, it will be sustained even though it was conducted in the execution of an invalid

warrant. *State v. Phelps,* 73 Wis.2d 313, 243 N.W.2d 213 (1976). The weekend delay in this case is reasonable. Whether Guse had probable cause to arrest Schmidt and Popour depends upon whether the information which he obtained from the unnamed informant, who the state concedes is not to be treated as a citizen informer, satisfies the two pronged test of *Aguilar v. Texas,* 378 U.S. 108 (1964).

The first prong of the *Aguilar* test is whether the underlying circumstances are sufficient for the officer to conclude that the manner in which the informant obtained his information is reliable. The second prong is whether the underlying circumstances make it reasonable for the officer to conclude that the informant himself is reliable. We hold the manner in which the information was obtained was reliable. It is a reasonable inference from Guse's testimony that the informant told Guse he overheard a conversation in which Schmidt stated he was returning to Sturgeon Bay on the evening of November 8, with more pills. In addition, the informant had obtained pills from Schmidt which Guse field tested and found to be amphetamines. We also hold that it was reasonable for Guse to conclude that the informant was reliable. The informant took actions against his own penal interest when he turned the amphetamines over to Guse. Prior to the time he contacted Guse, he had not been suspected of possession of amphetamines. When he gave the pills to Guse, he exposed himself to the risk of prosecution. There was no great risk if the story was true. However, if it was not, the risk was substantially increased. The personal stake of the informant in the truth of his representations is a sufficient showing of his reliability. *Cf. Laster v. State,* 60 Wis.2d 525, 211 N.W.2d 13 (1973).

Having engaged both prongs of the *Aguilar* test, Guse had probable cause to arrest Schmidt and Popour for

possession of drugs with intent to deliver when the Schmidt car appeared on the outskirts of Sturgeon Bay on the evening of November 8, as the informant had said it would. Therefore, because the search of the car was conducted within a reasonable time following a valid arrest, the motion to suppress was properly denied.

Possession of an illicit drug may be imputed when the contraband is found in a place immediately accessible to the accused and subject to his exclusive or joint dominion and control, provided that the accused has knowledge of the presence of the drug. In *People v. Newman*, 5 Cal. 3d 48, 484 P.2d 1356, 95 Cal. Rptr. 12 (1971), the defendant driver and two female co-occupants of a car were arrested for possession of marijuana. A subsequent search of the car disclosed a sealed envelope placed on the tapedeck below the dashboard. The envelope contained eight "bindles" of methedrine. This evidence, together with the admission of the accused that he had seen plastic bags similar to the "bindles" found in the car and knew they contained some kind of drug, constituted sufficient circumstantial evidence from which the jury could infer that he possessed the drugs. Applying the foregoing rule to the complaint, the evidence at preliminary hearing, and the trial evidence in this case, we conclude that the first two are sufficient to support further proceedings, and the third is sufficient to convict.

The complaint alleged that the defendant intentionally possessed a large quantity of "speed" in a car that he owned and operated, and that he intended to deliver or sell the "speed" in the Sturgeon Bay area. The basis of the charge was the personal observation of Guse, who observed the pills in the defendant's car. This is a sufficient allegation of a place accessible to the accused and under his dominion and control. The allegation of inten-

tional possession is a sufficient allegation of knowledge of the presence of the drugs. It was not necessary to include in the complaint a further factual basis for the allegation of knowledge. The location of a large quantity of drugs in a car owned and driven by the accused provides a substantial basis for a conclusion of knowledge. *United States v. Dixon,* 460 F.2d 309 (9th Cir. 1972).

At the preliminary hearing Guse testified as to his conversation with the unnamed informant. This conversation furnishes an additional basis for determining that Schmidt knowingly possessed the amphetamine pills in his car. It is argued, however, that the judge conducting the preliminary hearing erred in failing to require the state to identify the informant. Sec. 905.10 (3) (b), Stats., part of the new Rules of Evidence, requires a dismissal in a criminal case if it appears that an informer may be able to give testimony "necessary to a fair determination of the issue of guilt or innocence", and the state claims its privilege to refuse to disclose the identity of that person. In this case, the testimony of the informant could not possibly have been favorable to Schmidt. Therefore, he is not in a position to claim that the testimony would be necessary to a fair determination of the issue of guilt or innocence.

Prior to the submission of this case on briefs, the state filed a petition for confession of error. We denied the petition. In its brief on the merits, the state concedes that the evidence was insufficient to convict beyond a reasonable doubt. We disagree with the state's concession, holding that the evidence was sufficient. Guse testified at trial that the green travel bag containing the marijuana and amphetamines was protruding several inches from under the right front seat on the passenger side of the vehicle. Thus, it was observable by the driver and was immediately accessible to him in an area which

was under his domain and control, as well as that of the two front seat passengers. The question on the sufficiency of evidence is whether there is sufficient evidence to show that Schmidt knew of the presence of the amphetamines in the travel bag. The trial court dismissed the marijuana charge against Schmidt, not on the ground that Schmidt's possession had not been proved, but on the ground that a sufficient quantity had not been proved to support an inference beyond a reasonable doubt that the marijuana was possessed for commercial purposes. However, if Schmidt had knowledge of the marijuana, he also had knowledge of the amphetamines, since the two were located in the same bag.

Attached to the rearview mirror of the Schmidt vehicle was a "roach clip". The clip was an implement designed for using marijuana. Its presence in a place where, logically, personal possessions of the driver would be located, permits an inference beyond a reasonable doubt that Schmidt knew of the presence of marijuana in his car. The only marijuana found was in the green travel bag. Under these circumstances, the jury was entitled to infer that Schmidt not only knew of the presence of marijuana in the travel bag, but also of the amphetamines which were the rest of the contents of the bag. In Annot., 56 A.L.R. 3rd 948, 962 (1974), it is stated that evidence that a defendant was a user of narcotics has been held to be a sufficient circumstance in itself to link the defendant with narcotics found in an area of which he was in nonexclusive possession so as to sustain his conviction for illegal possession of such narcotics. The evidence was sufficient in this case to prove that Schmidt was in possession of the marijuana. Therefore, it was also sufficient to prove he was in possession of the amphetamines located in the same container.

Schmidt argues that the trial court erred in denying his motion for a mistrial after an objection to Guse's testimony about finding the shotgun was sustained. We agree that evidence as to the shotgun was irrelevant. However, the trial court recognized this and properly instructed the jury to disregard that portion of the testimony. Granting or denying a mistrial in such a case is a matter in the discretion of the trial court. No abuse of that discretion appears here.

The syringe and hypodermic needles found in a tacklebox on the floor of the rear passenger compartment were admitted into evidence and sent into the jury room. These items have only slight relevance to the charge of possession of amphetamines with intent to deliver. Their admission and subsequent submission to the jury was an abuse of discretion, because their prejudicial potential vastly outweighed any probative value they might have had. *See:* Sec. 904.03, Stats.; *State v. Spraggin,* No. 75–561–CR, decided March 29, 1977. Because of abuse of discretion in receiving the syringe and hypodermic needles into evidence and sending them into the jury, there must be a new trial in this case.

*By the Court.*—The order denying plaintiff in error's motion for a new trial is reversed. The judgment of conviction is vacated, and the cause is remanded for a new trial.