[No. 1010.]

## Ex Parte WM. WILLOUGHBY.

Commitment—Reasonable or Probable Cause.—Upon the preliminary examination of petitioner upon the charge of being accessory to the murder of P. L. Traver, testimony was given to the effect that T. was deliberately killed by one Owen, on the fifth of January, 1880, in front of petitioner's saloon; that three days prior to the killing, petitioner told O. that he would give him a month's whisky, and that another man then present would give him a month's board, if he would whip or kill T. *Held*, sufficient to authorize his commitment.

Form of Commitment.—A commitment which recites that petitioner has been held to answer the charge of murder, by being accessory before the fact, to the killing of P. L. Traver, at Metallic City, Esmeralda county, state of Nevada, on or about the fifth day of January, A. D. 1880, satisfies the requirements of the statute. (1 C. L. 1794.)

The facts are stated in the opinion.

*John R. Kittrell*, for Petitioner.

*M. A. Murphy*, Attorney-General, for the State.

By the Court, BEATTY, C. J.:

The petitioner alleges that he is illegally imprisoned by Clem Ogg, sheriff of Esmeralda county, and asks to be discharged from custody upon the grounds:

1. That he was committed on a charge of murder without reasonable or probable cause; and,

2. That the warrant of commitment does not specify any offense known to the law.

Upon this petition, a writ of *habeas corpus* was issued, from the return to which it appears:

That at the examination before a justice of the peace of Esmeralda county, testimony was given to the following effect:

The petitioner keeps a saloon at Candelaria, in said county; on the second day of January, 1880, in his saloon, he told one Mike Owen that he would give him a month's whisky, and that another man then present would give him a month's board, if he would whip or kill old Traver; on the fifth of January, Owen came out of petitioner's saloon, and shot and killed Traver in the street; he was thereupon arrested, but was rescued by a gang of men, who took him back into the saloon, from which place he disappeared and made his escape.

The first question to be decided is whether this testimony, assuming it to be true, is sufficient in law to warrant the conclusion of the justice of the peace that petitioner was accessory before the fact to the crime of murder. We think it is. It makes out a *prima facie* case of a willful, deliberate and premeditated killing of Traver by Owen, without justification, excuse, or provocation, and it shows that petitioner counseled, advised, and encouraged it.

This being so, we consider ourselves bound to sustain the action of the committing magistrate. We can not go into the question of the credibility of the witnesses. That was a question for the justice of the peace to decide, and our power in reviewing his action extends no further than to determine the question above stated: Was the testimony, assuming its truth, sufficient in law to warrant the finding?

The second ground upon which the petitioner relies is equally unsustained. The warrant recites that William Willoughby has been held to answer the charge of murder by being an accessory before the fact to the killing of P. L. Traver, at Metallic City, Esmeralda county, state of Nevada, on or about the fifth day of January, A. D. 1880.

This satisfies all the requirements of the statute. (C. L. 1794.) It states the nature of the offense—murder—and the time when and place where committed.

The petitioner is remanded to the custody of the sheriff of Esmeralda county.