## *In re* JOHN HARDIGAN.

*Liquor Law.*   R. L. ss. 3814, 3816.   *Intoxicated Person, Arrest of.   Disclosure.   Illegal Imprisonment.   Habeas Corpus.*
R. L. ss. 1363–4.   *Justice of Peace.*

1.  The relator was arrested by an officer charging him with being intoxicated, and brought before a justice of the peace to disclose the person of whom he obtained his liquor. He disclosed, that he was not intoxicated, that he had not drank any intoxicating liquor on the day of his arrest, and offered other testimony than his own to prove that fact; but the justice refused to hear it, and committed him to jail until he would disclose; *Held*, that the imprisonment was illegal, and that the relator was entitled to be discharged on *habeas corpus*.

2.  The justice should have first determined whether the relator was in such a state of intoxication as to disturb the public peace; the officer's return was not conclusive of that fact, and the relator had a right to meet it with contradictory proof, which it was the duty of the justice to hear.

3.  In a *habeas corpus* hearing the rights of the relator are not dependent upon the officer's return; but under the statute—R. L. s. 1363—he may deny the return, and allege other material facts; thus, the return showed that the justice found that the relator "had been intoxicated, and had disturbed the public peace," but the Supreme Court find from facts alleged in the relator's complaint that he was not intoxicated.

HABEAS CORPUS.   The writ was signed by ROWELL, J. By consent of counsel the case was continued into the Supreme Court.

It was alleged in the complaint, that the petitioner, at Montpelier, on the 30th day of May, 1884, was arrested by one Ordway, claiming to be a police officer, and was placed by said officer in the county jail, and there remained until the morning of the next day, when he was taken from jail and brought before a justice of the peace; that said Ordway then and there represented to said justice that he found the petitioner on said 30th day of May in such a state of intoxication as to disturb the public peace and tranquillity, and that he apprehended the petitioner when so intoxicated; that the justice ordered the petitioner to disclose, etc.; that

he did disclose, as stated in the opinion; and that thereupon the justice ordered him to be committed to jail, and he was accordingly committed by a sheriff; wherefore he prayed for a writ of *habeas corpus.*

The writ was directed to the jailer of Washington County. The following is a part of the *mittimus* on which the petitioner was committed:

" *Whereas,* E. A. Ordway, police officer of the village of Montpelier, on the 31st day of May, 1884, at Montpelier, in said county, brought before me, O. D. Clark, a justice of the peace within and for said county of Washington, John Hardigan, charging him, the said Hardigan, with having been found intoxicated and disturbing the public peace or tranquillity of the village of Montpelier, aforesaid, on the 30th day of May, 1884, and the fact being found by me that the said John Hardigan had been intoxicated, and had disturbed the public peace and tranquillity, he was by me ordered to disclose, under oath, the place where, etc."

*G. W. Wing,* for the relator.

The officer's oath that he arrested the relator in a state of intoxication, etc., is not conclusive. Nor is the statement in the *mittimus,* that the justice found the relator intoxicated and disturbing the public peace.

The record shows that fact had not been in issue, and the relator had not been upon trial for any offense, nor was he then charged with having committed any offense against any law.

Such a finding was unnecessary and unwarranted, and gives no force or validity to the commitment.

The disclosure was sufficient in law to answer the requirements of the statute.

*S. C. Shurtleff,* for the State.

The statute has been strictly followed. R. L. ss. 3814–16. The relator stands as a refractory witness, and was committed because he refused to obey the orders of the court. The relator was not under arrest for intoxication; but in custody as a witness, and subject to the control of the court.

*In re Powers,* 25 Vt. 261; *in re Emma Pierce,* 46 Vt. 374. He cannot be discharged, even if the magistrate was in error in not receiving all the evidence. *In re Hosley,* 22 Vt. 363.

The opinion of the court was delivered by

ROYCE, Ch. J.   The right of a justice of the peace to compel a person to disclose the place where, and the person of whom, he has obtained the intoxicating liquor, is conferred by R. L. s. 3816, and the right is limited to the class of persons specified in s. 3814.   They are there described as persons found in such a state of intoxication as to disturb the public or domestic peace and tranquillity.   So that, to authorize a justice to demand that such a disclosure be made, and order a party to be committed to jail if he refuses to make one, the justice must first find that he was found in such a state of intoxication.   Unless that fact is found the justice has no right to make any inquiry upon the subject; his authority is limited to the inquiry as to the place where and the person of whom the liquor *so producing intoxication* was obtained.

The complaint upon which this writ was awarded was verified by the oath of the relator; and in it he alleges that when he was required by the justice to disclose, after having been duly sworn, he did disclose that he was not intoxicated and had not drunk any intoxicating liquor on the day of his arrest; and that he offered to show to said court by other testimony than his own that he was not so intoxicated at the time of his arrest; which testimony the said justice refused and neglected to hear.   It was competent for the State to dispute these allegations under sec. 1363, but it has elected to submit the case upon the record alone; hence, all that is stated in the record must be considered as true.

It being admitted that the relator swore, before his commitment, that he was not intoxicated at the time of his

arrest, and the justice having refused to hear the other testimony offered by him to prove the fact, was his subsequent imprisonment under the *mittimus,* which is a part of the record, legal?

We are aware that the general rule is, that upon the hearing of a *habeas corpus* the court will not review the rulings or findings of the court under whose authority the alleged imprisonment is justified; and that the rights of the relator are dependent upon the return of the officer and the copies which are made a part thereof; but that such return is not conclusive, is evident. Sec. 1363 provides, that the prisoner may deny any of the facts set forth in the return, and may allege other material facts; and the court or judge may in a summary manner examine into the cause of the imprisonment or restraint, and hear the evidence of any person interested; and by sec. 1364 the court or judge is required, if no legal cause is shown for the imprisonment or restraint, to discharge the prisoner therefrom.

The only evidence before us upon which a finding as to the legality of the relator's imprisonment can be predicated, is the complaint sworn to by him, the copies of record, and the return of the officer. The testimony offered by the relator before the justice was not of an uncertain character, nor offered as tending to show a fact, but to prove that he was not in fact intoxicated at the time of his arrest. When testimony is offered to prove a fact, and is for any reason excluded, in deciding the question of its admissibility the fact that it was offered to prove is considered as having been proved. The fact, then, that the testimony was offered to prove must be treated as having been proved; so the relator was ordered to be committed to jail, when in fact he was not intoxicated at the time of his arrest. It was an abuse of authority by the justice; and it requires no argument to convince that such an imprisonment was illegal.

Can the relator be relieved from such imprisonment upon a writ of *habeas corpus?* The only doubt that can be enter-

tained upon the question results from the generality of the language used by courts in the promulgation of the rule above referred to. That the rule is not to be regarded as one of universal application, is evident from the fact that by R. L., s. 1363, the relator is allowed to allege other material facts, and that the court may hear the evidence produced by any person interested. What fact could be more material than that the justice ordering the imprisonment did not have any jurisdiction to make such an order? What evidence extrinsic of the record may be used upon the hearing of a writ of *habeas corpus* has always been a doubtful question. We are not aware that any rule upon the subject, of universal application, has been formulated. The authorities are conflicting. Considering the nature of the writ, and the purposes that it is designed to accomplish, the rules of evidence to be observed cannot be arbitrarily prescribed, but must necessarily be varied to meet the exigencies of individual cases. In *in re Powers,* 25 Vt. 261, the principal question considered was as to the constitutionality of what is now R. L. s. 3816. It appeared in that case that the relator was very thoroughly intoxicated at the time of his arrest; and that, upon his examination in regard to the person of whom he obtained the liquor by which he became intoxicated, and the manner of his obtaining it, his answers were not satisfactory to the justice; and he was committed upon a *mittimus* commanding his detention until he should make disclosure. It does not appear that any evidence was offered before the justice tending to show that he was not so intoxicated; and in the Supreme Court evidence was received bearing upon the question of his intoxication; so the record and return were not treated as conclusive in that case. In *Tracy, ex parte,* 25 Vt. 93, REDFIELD, Ch. J., says that it may still be regarded as unsettled how far it is competent for this court to revise the proceedings of an inferior court upon *habeas corpus.*

Treating the return of the officer upon the question of the relator's intoxication as *prima facie* evidence of the fact, it was the right of the relator to meet that evidence by contradictory proof; and it was the duty of the justice to hear such proof when offered. It is no answer to say that the justice might have come to the same conclusion if he had heard it; it was his duty to hear it before coming to any conclusion.

In *Hathaway* v. *Holmes*, 1 Vt. 405, in the opinion delivered by Judge PRENTISS, it is said that where a party is in execution by the judgment of another court having *competent jurisdiction*, the court will not examine into the merits of the judgment, nor discharge him, if the execution is regular, unless some matter is presented extrinsic of the judgment which entitles him to be discharged. From what is there said, the fair inference is that the jurisdictional question is open to inquiry.

The chief excellence of this writ consists in the easy, prompt, and efficient remedy afforded by it for all unlawful imprisonment. To deny the relator relief under it in this case would defeat the purpose for which it was .designed, and circumscribe the benefits secured by it to those who are deprived of their personal liberty within such narrow limits as to deprive it of the principal value we have been educated to ascribe to it.

It is adjudged that the relator is illegally imprisoned, and it is ordered that he be discharged.