Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*Robert D. Benedict,* for appellants.   *James C. Church,* for respondent.

DYKMAN, J.   This is an action for the recovery of a penalty under chapter 604 of the Laws of the State of New York for 1875, which is entitled "An act to prevent the deposit of carrion, offal, or dead animals in the North and East rivers, or in the Bay of New York or Raritan bay, within the jurisdiction of the state of New York." The complaint charged the defendants with depositing earth, mud, and materials dredged from a slip, basin, or shoal, and upon a trial before a jury a verdict was rendered against the defendants, and so the question of fact was decided against them. The paramount and serious question presented by the appeal has reference to the validity of the legislation under which the defendants were prosecuted. The defendants insist that the act in question is a local bill, and therefore violative of the constitution of the state, which provides that "no private or local bill shall embrace more than one subject, and that shall be expressed in its title." Article 3, § 16. Much has been written upon the question involved, and the uncertainty which is felt arises principally from the difficulty of applying the rules of law which have been laid down upon the subject to a particular state of facts. This case is an illustration. The statute in question operates upon a subject in which the people of the world are interested. The deposit of the refuse matter of two large cities in the Bay of New York tends to shoal the water and interfere with navigation, and also with public health, and those were the evils against which the law was aimed. Its purpose was essentially public, and the fact that it wears some local features is insufficient to place it among the local acts. The case of *Williams* v. *People,* 24 N. Y. 405, brought before the court a statute which provided that whenever larceny should be committed in the city of New York by stealing from the person of another the offender might be punished as for grand larceny, although the value of the property taken was less than $25. Judge DENIO, whose opinions are characterized by solidity of wisdom, wrote an opinion, in which he held the act to be general, and all the other judges of the court of appeals except one concurred in such opinion, but that point was not settled. Yet the opinion is entitled to great consideration. We think that, inasmuch as the act in question operates upon a subject in which the whole people are interested, and prescribes a rule of conduct for all persons, and renders all persons liable to its penalties, wherever they reside, it is to be considered a general, as contradistinguished from a local, act. This view seems to be decisive of the appeal, and the judgment and order should be affirmed, with costs.

---

## *In re* SIMON.

(*Supreme Court, General Term, First Department.*   February 13, 1891.)

HABEAS CORPUS—PLEADING.
  When a return to a writ of *habeas corpus* contained the commitment and a copy of the complaint, and a traverse was interposed, denying that the petitioner was examined, or any evidence taken, an issue of fact is made up, and the case should be heard on the evidence.

Appeal from special term, New York county.
This is an appeal by the Protestant Episcopal House of Mercy of the City of New York from an order discharging Jennie Simon from its custody.
Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.
*E. T. Gerry,* for appellant.   *C. Steckler,* for respondent.

VAN BRUNT, P. J.   Jennie Simon, aged 15, was on the 10th day of August, 1890, committed to the reformatory called the "Protestant Episcopal House of Mercy," to be and remain under the custody of the said institution

during her minority, unless sooner discharged by the trustees and managers thereof. The respondent sued out writs of *habeas corpus* and *certiorari*, and the institution returned the commitment, and the magistrate made return of the commitment, annexing a copy of the sworn complaint, to which the respondent, the mother of the infant, interposed a traverse, alleging that neither the said Jennie Simon nor the petitioner was examined by the police magistrate, nor was any evidence offered to show that the house No. 119 Mulberry street in this city is a reputed house of prostitution, or that the said Jennie Simon was an inmate thereof, or that she was in danger of becoming morally depraved. The commitment showed that she was committed because she "was found in a reputed house of prostitution, situate at No. 119 Mulberry street in the city of New York, and is and on the day last aforesaid was in danger of becoming morally depraved in violation of the law as aforesaid." And the magistrate, in his commitment, recites as follows: "I having in due form of law examined said complaint and the witnesses before me produced, and also the said female, who was duly produced for my personal inspection pursuant to law, and it appearing and having been proven to me to my satisfaction by competent testimony and evidence and by the confession of such female that the said female is and on the day last aforesaid was apparently over the age of twelve and under the age of twenty-one, to-wit, of the age of fifteen, and on the day last aforesaid, at the city of New York, was found," etc. The magistrate, in his return, states that the testimony and evidence taken by him were not reduced to writing except in so far as the same is contained in said complaint, and the papers of which copies were thereto annexed and made a part of the return, the complaint being the only paper at all pertinent to this inquiry.

It is undoubtedly true that upon these proceedings the question of the propriety of the conviction cannot be investigated. But it was distinctly held in the case of *People ex rel. Van Riper* v. *Protectory*, 106 N. Y. 604, 13 N. E. Rep. 435, that if the traverse denies that there was evidence before the justice of the facts adjudicated by him it must be shown. It is true, as already stated, that it was decided in the cases cited that there cannot be in these proceedings a retrial upon the merits of the question whether the child had or had not committed any act, or been found in any situation, which subjected him to restraint or imprisonment, and in that case it was held that, as the conviction recites that there was proof by competent and satisfactory evidence of the charge made, and as this recital was not contradicted, the facts alleged in the traverse furnished no ground for the discharge of the child. But in the case at bar the traverse denies that there was any proof as to the material facts affecting the right of the magistrate to commit this child; and, without the slightest proof that the magistrate had a particle of evidence before him, it is claimed that this institution has the right to hold this child during her minority. And we have confessed upon the face of this return that, although the question of the liberty of this infant during the rest of her minority depends upon this conviction, it was not considered of sufficient importance to make a record of the evidence. But it is urged that the statute under which this commitment is had provides that, if it shall be proved to the satisfaction of such magistrate by the confession of such female, or by competent testimony, that the female is guilty, he has a right to commit; and that this commitment states that it had been proven to him by competent and satisfactory evidence, and by the confession of the female, that the facts hereinbefore recited exist. What was proven by confession, or what by competent testimony and evidence, does not appear; and the traverse expressly states that the female was not examined before the magistrate, nor was any evidence taken to establish the facts necessary to authorize the magistrate to act. We think, under the principles enunciated in the *Case of Van Riper*, above cited, that it was necessary in order to uphold this conviction to show that evidence had been taken upon

these points, although the issue could not be retried.    It is a rather peculiar feature of the feature of the law in respect to these cases that an infant may be deprived of its liberty during minority upon its confession without any corroborating evidence sustained the charge against it, when a criminal of full age, matured and hardened in crime, cannot be convicted upon the same kind of evidence simply,—namely, his own confession.    We think, therefore, that the learned judge in the court below was clearly right in the order made, there being no proof whatever that the magistrate ever had any jurisdiction. The order should be affirmed, with costs.

BARRETT, J.    I concur in the general view of the law taken by the presiding justice, but I differ with him as to the result of this appeal.    There was no demurrer to the traverse, nor admission of the facts stated therein.    The respondent below was not called upon to deny, in an independent pleading, the relator's allegations.    When a traverse is interposed, the issue is made up, and no further pleading is required.    The language of the Code is explicit: "A prisoner, produced upon the return of a writ of *habeas corpus*, may, under oath, deny any material allegation of the return, or make any allegation of fact showing either that his imprisonment or detention is unlawful, or that he is entitled to his discharge.    Thereupon the court or judge must proceed, in a summary way, to hear the evidence produced in support of or against the imprisonment or detention, and to dispose of the prisoner as the justice of the case requires."    In the case at bar the learned judge, in place of this proceeding, treated the allegations of the relator's traverse as true, and discharged the child.    This, I think, was unwarranted, and the order should therefore be reversed, and the matter remitted to the special term to proceed to hear the evidence which may be produced by either party, and thereupon to dispose of the case as justice requires.

BARTLETT, J., concurs.