## *In re* LUCIUS IRISH.

*Disclosure of one found intoxicated.*    R. L. s. 3816.

Where a person has been arrested and brought before a justice for being found so intoxicated as to disturb the public peace, and has been ordered to disclose without protest on his part, it is no objection to the legality of a subsequent commitment for an insufficient disclosure that the justice did not, before requiring the disclosure, announce that he had found that the respondent was so intoxicated as to disturb the public peace, if in fact he had made such finding.

Petition of *habeas corpus*, returnable before Taft, J., who found the facts as stated in the opinion and continued the case as to the legal questions involved to the January term, 1892, of the Chittenden county Supreme Court.

*M. H. Alexander*, for the relator.

The relator could not be compelled to disclose until it had been legally adjudged that he was found intoxicated, and of this fact there was no legal evidence before the court.    *In re* Hardigan, 57 Vt. 100.

*J. E. Cushman*, State's Attorney, and *J. W. Russell*, for the State.

The justice actually found on proper evidence that the relator was "found intoxicated," and it is immaterial whether he announced this finding before requiring the disclosure. *In re* Hardigan, 57 Vt. 100; *in re* Powers, 25 Vt. 261.

The opinion of the court was delivered by

START, J.   It appears that the relator was found in such a state of intoxication as to disturb and break the public peace, and that he was arrested by an officer and taken before a justice of the peace, as is authorized by s. 3844 of R. L.   From the officer's return the justice adjudged that the relator was, at the time of his arrest, found in such a state of intoxication as to disturb and break the public peace, and, without making any announcement of his decision, and without objection on the part of the relator, ordered him to disclose where and the person of whom the liquor producing the intoxication was obtained, as is authorized by R. L. s. 3814.   The disclosure of the relator not being satisfactory to the justice, he was committed to jail.

The relator claims that he was ordered to disclose the place where and the person of whom the liquor producing intoxication was obtained before it had been adjudged by the justice that he was, at the time of his arrest, found in such a state of intoxication as to break the public peace, and, that, for this reason, the imprisonment was illegal.   This claim is not supported by the findings of fact. It is expressly found that the justice, from the evidence before him, adjudged that the relator was, at the time of his arrest, found in such a state of intoxication as to disturb and break the public peace.   The justice having thus adjudged, he had jurisdiction to proceed and require the relator to disclose the place where and the person of whom the liquor producing the intoxication was obtained.   *In re* Powers, 25 Vt. 261; *In re* Hardigan, 57 Vt. 100.

The justice having found the facts necessary to give him jurisdiction, it was immaterial whether he announced to the re-

*In re* Lucius Irish.

lator his findings of facts before calling upon him to make disclosures. His failure to announce his findings did not deprive him of the jurisdiction acquired nor render the proceedings void. The fact that the relator was found so intoxicated as to disturb and break the public peace does not appear to have been controverted. The justice ordered him to disclose, and he proceeded to do so without objection. Under these circumstances, a formal announcement of the justice's finding upon the question of fact was unnecessary, and the order that the relator disclose may well be regarded as equivalent to an announcement that he had found the facts necessary to give him jurisdiction.

*The relator is remanded to his former custody, and the. petition is dismissed without costs.*