,STATE of Wisconsin, EX REL. Deborah L. MCCAFFREY,
Relator-Petitioner,

v.

Allen B. SHANKS, Sheriff of Sauk County, Wisconsin,
Respondent.†

Court of Appeals

*No. 83–901–W. Submitted on petition April 6, 1984.—
Decided April 4, 1985.*
(Also reported in 369 N.W.2d 743.)

† Petition to review pending. This petition was not decided at
the time the volume went to press. Its disposition will be reported
in a later volume.

For the relator-petitioner the cause was submitted on the briefs of *Sarah Furey Crandall* and *Crandall Law Office* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

Before Gartzke, P.J., Dykman, J., and Rudolph T. Randa, Reserve Judge.

GARTZKE, P.J. Deborah McCaffrey has petitioned the court of appeals for a writ of habeas corpus to review her bindover for trial on a charge of violating sec. 161.41 (1m), Stats., possession of a controlled substance with intent to deliver, party to a crime, sec. 939.05, Stats., a felony.[1] She alleges in her petition that the criminal complaint is based on evidence obtained through an invalid search warrant, fails to state sufficient facts to constitute probable cause, and that the evidence at the

---

[1] We construed the petition as one for leave to appeal. After the state responded, petitioner challenged our right so to construe her petition, claiming an absolute right to petition this court for habeas corpus. We vacated our order construing the petition as one for leave to appeal.

preliminary hearing was insufficient to bind her over for trial.

We hold that habeas corpus may be sought directly from the court of appeals. We hold that habeas corpus is available under the present case law (the validity of which we question) to review the sufficiency of a criminal complaint and the sufficiency of the evidence for a bindover following a preliminary examination. We conclude that we may refer the petition to the circuit court for disposition, but we decline to do so. We conclude that the warrant is valid, the complaint is sufficient, and probable cause was shown at the preliminary. We therefore deny the petition.

### 1. *Original Action for Habeas Corpus in the Court of Appeals*

This is an original action in the court of appeals for habeas corpus. We have an obligation to inquire *sua sponte* into our jurisdiction. *St. ex rel. Teach. Assts. v. Wis.-Madison Univ.*, 96 Wis. 2d 492, 495, 292 N.W.2d 657, 658 (Ct. App. 1980). We conclude that we have jurisdiction.

The court of appeals has original jurisdiction to issue prerogative writs. Wis. Const. art. VII, sec. 5(3). Habeas corpus is a prerogative writ. *The Attorney General v. Blossom,* 1 Wis. 277 [*317], 278 [*319] (1853). The court of appeals therefore possesses jurisdiction to entertain the petition by virtue of the constitution.

Our constitutional jurisdiction has been implemented by statute. A petition for habeas corpus may be made to the "supreme court, the court of appeals or the circuit court of the county, or to any justice or judge of the supreme court, court of appeals or circuit court or to any court commissioner, within the county where the prisoner is detained; . . . ." Sec. 782.03, Stats.

### 2. Habeas Corpus Available Remedy Before Conviction to Review Alleged Errors

Three propositions regarding habeas corpus have gone almost unchallenged since *State ex rel. Durner v. Huegin*, 110 Wis. 189, 85 N.W. 1046 (1901). First, habeas corpus reaches only jurisdictional defects.[2] Second, the insufficiency of the evidence supporting a court's order or judgment depriving a person of liberty is not a jurisdictional defect and is therefore not reviewable on habeas corpus prior to appeal.[3] Third, habeas corpus is nevertheless available to test a criminal complaint and to test the sufficiency of the evidence for a bindover for trial following a preliminary examination.

---

[2] Whether habeas corpus is a proper remedy for a claim that the constitutional rights of a prison inmate have been abridged by conditions of confinement was raised but not decided in *bin-Rilla v. Israel*, 113 Wis. 2d 514, 335 N.W.2d 384 (1983).

[3] At common law and in this state, a writ of *habeas corpus* does not perform the function of a writ of error or an appeal but is confined to an examination of jurisdictional defects or illegality amounting to a want of legal authority . . . . And, ordinary judicial errors as distinguished from jurisdictional errors are not reached . . . [t]he writ of habeas corpus has been used and recognized as a post conviction review of errors whether they be considered jurisdictional or judicial, involving a violation of constitutional right.

*Wolke v. Fleming*, 24 Wis. 2d 606, 613–14, 129 N.W.2d 841, 845 (1964), *cert. denied*, 380 U.S. 912 (1965) (citations omitted). A state conviction on evidence which does not support a finding of guilt beyond a reasonable doubt violates fourteenth amendment due process, and therefore under 28 U.S.C. sec. 2254 a federal court must entertain a habeas corpus petition by a state prisoner attacking a conviction on that ground. *Jackson v. Virginia*, 443 U.S. 307, 320 (1979). Federal habeas corpus is not available unless the applicant has exhausted the remedies available in the courts of the state or either state corrective process is unavailable or circumstances render the process ineffective. *See* 5 U.S.C. sec. 2254(b) 1982. *See also* sec. 974.06(1), Stats., for postconviction relief in Wisconsin, and sec. 974.06(8) for the effect of that remedy on habeas corpus.

These propositions have been applied, or their applicability assumed, in many cases, including several decided since the criminal code was revised by ch. 255, Laws of 1969. *See, e.g., J.V. v. Barron,* 112 Wis. 2d 256, 265, 332 N.W.2d 796, 801 (1983); *State v. Berby,* 81 Wis. 2d 677, 684, 260 N.W.2d 798, 802 (1978); *State v. Olson,* 75 Wis. 2d 575, 584, 250 N.W.2d 12, 17 (1977); *State ex rel. Hussong v. Froelich,* 62 Wis. 2d 577, 583, 215 N.W.2d 390, 394 (1974); *State ex rel. Cullen v. Ceci,* 45 Wis. 2d 432, 440, 173 N.W.2d 175, 178 (1970); *State v. Copening,* 103 Wis. 2d 564, 578, 309 N.W.2d 850, 857 (Ct. App. 1981); *State ex rel. Wohlfahrt v. Bodette,* 95 Wis. 2d 130, 132, 289 N.W.2d 366, 367 (Ct. App. 1980).

Indeed, *State ex rel. Dore v. Stoltz,* 42 Wis. 2d 534, 538, 167 Wis. 2d 214, 216 (1969), declared that habeas corpus is the sole remedy to challenge a complaint and a 1967 bindover.

We are bound by the precedents established by the supreme court of this state, even if we disagree with a particular precedent. *State v. Lossman,* 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984). Well before *Lossman,* we acknowledged our obligation to follow supreme court precedents, *Livesey v. Copps Corp.,* 90 Wis. 2d 577, 581, 280 N.W.2d 339, 341 (Ct. App. 1979), and we meet it in this appeal.

Accordingly, we conclude that habeas corpus is available to petitioner to challenge the criminal complaint and to test the sufficiency of the evidence for the bindover. Because, however, we question whether habeas corpus has been such a remedy since the 1969 revision of the criminal code, we next discuss the basis for our doubts.

3. *Availability of Habeas Corpus to Test Compaint and Bindover Questioned*

a. *Reasons for Inquiry*

Our inquiry is prompted by the strong policy against interlocutory appellate review in criminal cases.

A preliminary examination is a hearing to determine if probable cause exists to believe the defendant has committed a felony. Sec. 970.03(1), Stats. If the court finds probable cause, defendant is bound over for trial. Sec. 970.03(7). A bindover is not a determination that the defendant is guilty. *State v. Dunn,* 121 Wis. 2d 389, 396, 359 N.W.2d 151, 154 (1984). Consequently, a bindover does not decide the entire matter in litigation between the state and the defendant. For that reason, a bindover is not appealable as of right under sec. 808.03 (1), Stats. A review of a bindover is therefore interlocutory.

Interlocutory reviews are discouraged to avoid unnecessary interruptions and delays in the circuit courts and to reduce the burden on the appellate courts. *Bearns v. ILHR Department,* 102 Wis. 2d 70, 74, 306 N.W.2d 22, 25 (1981). The provisions of sec. 808.03, Stats., with respect to appealability are intended to discourage interlocutory appeals. *Id.*

The policy against interlocutory appeals is particularly important in criminal prosecutions. In *State v. Jenich,* 94 Wis. 2d 74, 80, 288 N.W.2d 114, 117 (1980), the court recognized, "as did the United States Supreme Court in *Abney* [*v. United States,* 431 U.S. 651 (1977)], that interlocutory or piecemeal appeals are undesirable, especially in criminal prosecutions. The delays caused by piecemeal appeals are 'inimical to the effective and fair administration of the criminal law.' *Dibella v. United States,* 369 U.S. 121, 126 (1962)."

This policy against interlocutory appeals in criminal cases is exceptionally strong. It prevents an appeal as of right even when it is claimed that the prosecution subjects a defendant to double jeopardy, contrary to

the federal and Wisconsin constitutions. *Jenich,* 94 Wis. 2d at 97a, 292 N.W.2d at 348–49.

The policy against interlocutory appeals is reflected and applied specifically to habeas corpus in sec. 974.02 (1), Stats. Section 974.02(1), provides in relevant part:

An appeal of an order or judgment on habeas corpus remanding to custody a prisoner committed for trial under s. 970.03 [governing preliminary examination] shall be taken under ss. 808.03(2) and 809.50 [the statute and appellate rule governing permissive appeals], with notice to the attorney general and the district attorney and opportunity for them to be heard.

Habeas corpus is a civil action, even if brought about by a criminal charge. *State ex rel. Korne v. Wolke,* 79 Wis. 2d 22, 26, 255 N.W.2d 446, 448 (1977). Hence, without sec. 974.02(1), an order or judgment on a petition for habeas corpus challenging a bindover would be appealable as of right under sec. 808.03(1), Stats., because it disposes of the entire matter in litigation in that action. Section 974.02(1) converts the order or judgment into a permissibly appealable disposition and prevents an interlocutory appeal as of right.[4]

Revision of the case law rule allowing habeas corpus to test the sufficiency of a complaint and of the evi-

---

[4] Appellate review of an order or judgment on habeas corpus has been steadily tightened. Section 274.05, Stats. 1939, provided in part: "Writs of error may issue of course out of the supreme court at any time to review the order or judgment of any court discharging or remanding a person brought up by writ of habeas corpus . . . ." The statute was amended by sec. 11, ch. 301, Laws of 1949, to condition issuance of the writ on a finding by a justice of the supreme court that it was "not sought for dilatory purposes." Section 274.05, Stats. 1949, was renumbered in 1975 as 817.05 by supreme court order, Wisconsin Rules of Civil Procedure, 67 Wis. 2d at 761 and repealed by sec. 118, ch. 187, Laws of 1977. The provision in sec. 974.02, Stats., making an order or judgment on habeas corpus nonappealable as of right, was created by sec. 127, ch. 187, Laws of 1977.

dence for bindover would not deprive a criminal defendant of a remedy. Defects in the complaint and bindover may be raised in an appeal as of right from the judgment of conviction. *See, e.g., State v. Olson,* 75 Wis. 2d 575, 250 N.W.2d 12 (1977). The defendant may also petition this court for leave to appeal an order in appealable form sustaining the complaint or directing bindover, and if a proper showing is made under sec. (Rule) 809.50(1), Stats., relief is available through that route.

We turn to the reasons for questioning the validity of the case law rule since the criminal code was revised.

b. *Basis for Doubt*

(1) *State ex rel. Durner Rationale*

*State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N.W. 1046 (1901), is the prime precedent for the rule that habeas corpus is available to challenge the sufficiency of a complaint and the evidence for a bindover. We conclude from our reexamination of this 1901 decision that it is incompatible with the present criminal code.

We reach that conclusion because the rationale for *State ex rel. Durner* no longer applies under the present criminal code. The preliminary examination in *State ex rel. Durner* was held before a "magistrate," the justice of a city police court.[5] Since 1969 preliminary examinations have been conducted by the circuit court. The distinction between proceedings before a magistrate and a circuit court is critical to the "jurisdictional defect" theory in *State ex rel. Durner.* The *Durner* theory is that the jurisdiction of the magistrate to commit the defendants for trial depended upon the sufficiency of

---

[5] *See State ex rel. Durner,* 110 Wis. at 197–98, 85 N.W.2d at 1049–50. The briefs to the supreme court agree that the police court was created by ch. 6, Laws of 1895, sec. 4 of which authorized that court to examine "alleged offenders, and commit or hold them to bail, the same as a justice of the peace might otherwise do."

the evidence at the preliminary, even though the jurisdiction of a court would not.

The *State ex rel. Durner* court acknowledged that habeas corpus reaches only jurisdictional defects. It concluded, however, that "whether there was any evidence for the magistrate to act upon and whether the complaint charges any offense known to the law are jurisdictional matters." 110 Wis. at 237, 85 N.W. at 1057. The court said that its past decisions follow the rule

that where there is jurisdiction to try and determine an issue, there is jurisdiction to commit error to the extent of deciding the ultimate fact involved without competent evidence tending to support it, and that the error can only be corrected upon writ of error or appeal where one is allowed; that the writ of *habeas corpus* or writ of *certiorari* cannot reach the mischief. But a proceeding before an examining magistrate is not a judicial trial. It is a mere judicial inquiry, as before indicated, for the purpose of determining whether an offense has been committed and there is a probability that the accused is guilty thereof and should be placed on trial therefor. No plea or issue is necessary. No jury is demandable or proper. The doctrine of *res adjudicata* does not apply so that the result of one inquiry will preclude another. It is a proceeding that was unknown to the common law,—a mere statutory creation, a personal privilege which the accused must be accorded unless he waives it. Being statutory and special, evidence tending to establish the facts justifying a commitment or holding to bail for trial, is jurisdictional the same as any other statutory essential. The statute awarding the privilege provides that the examining magistrate shall act, in determining the facts, upon evidence; and that contemplates that there must be evidence, and competent evidence, tending to establish the facts. It is jurisdictional in the same sense that the production of some competent evidence before a *quasi*-judicial body, authorized by statute to act only upon evidence, is jurisdictional. The rule in such cases is that a clear violation of law in doing those things that are within the scope of the power of the officer or body to do is jurisdictional

error. *State ex rel. Moreland v. Whitford,* 54 Wis. 150;
*State ex rel. Wood Co. v. Dodge Co.,* 56 Wis. 79; *State
ex rel. Heller v. Lawler,* 103 Wis. 460. For further au-
thorities to support the view here expressed, *see* Church,
*Habeas Corpus,* secs. 237–247; *People v. Martin,* 1 Park-
er, Cr. R. 187; *In re Snell,* 31 Minn. 110; *In re Hardigan,*
57 Vt. 100; *In re Simon,* 13 N.Y. Supp. 399; *State v.
Hayden,* 35 Minn. 283; *People ex rel. Van Riper v. New
York C. Protectory,* 106 N.Y. 604; *Ex parte Becker,* 86
Cal. 402; *Ex parte Willoughby,* 14 Nev. 451; *Jones v.
Darnall,* 103 Ind. 569.

*Id.* at 239–40, 85 N.W. at 1058–59.

The *State ex rel. Durner* rationale, based on the dis-
tinction between a magistrate and a court, is consistent
with the Wisconsin cases cited in the opinion. *See State
ex rel. Moreland v. Whitford,* 54 Wis. 150, 153, 11 N.W.
424, 424 (1882) (on certiorari to a court the record is
inspected only to determine if court acted within its
jurisdiction, but on certiorari to an officer having "quasi-
judicial power" the record may also be examined to
determine if the officer "made his determination of the
facts upon any evidence which would warrant it");
*State ex rel. Wood County v. Dodge County,* 56 Wis. 79,
13 N.W. 680 (1882) (on certiorari to a board exercis-
ing "quasi-judicial powers," supreme court examined
the undisputed facts and reversed the board's order);
*State ex rel. Heller v. Lawler,* 103 Wis. 460, 465, 79
N.W. 777, 779 (1899) (decision by quasi-judicial board
contrary to credible evidence indisputably establishing
a fact "is an excess of jurisdiction, a violation of law,
and may be reached by *certiorari.*"[6]

---

[6] The out-of-state cases cited by the *Durner* court support its
holding, without referring to the distinction between courts and
boards or officers having quasi-judicial powers. *See People v.
Martin,* 1 Parker, C.R. 187 (N.Y. Sup. Ct. 1848) (habeas corpus
court may determine if committing magistrate refused to conduct
examination); *In re Snell,* 31 Minn. 110 (1883) (sufficiency of
evidence before committing magistrate examined by habeas corpus

The *State ex rel. Durner* rationale is also consistent with *In re Stittgen,* 110 Wis. 625, 86 N.W. 563 (1901), decided less than two months later. In *Stittgen,* the mother of a child sought habeas corpus, the child being detained by a person to whom the circuit court had assigned custody. The *Stittgen* court said that the only question reviewable on habeas corpus was the jurisdiction of the circuit court. The court said,

In this limitation of the question, the word "jurisdiction" must be understood in its fullest and most comprehensive sense. If the circuit court had jurisdiction of the parties and authority over the subject matter, that must be the end of the inquiry; for in this respect that court sits in no sense as a mere magistrate or statutory tribunal, only *quasi*-judicial in its character, where jurisdiction depends not alone upon having the subject legally within the scope of its powers, but also upon procedure in accordance with law, and where jurisdiction is lost by disregard of legal duty, of which illustrations are found in *State ex rel. Wood Co. v. Dodge Co.,* 56 Wis. 79; *State ex rel. Heller v. Lawler,* 103 Wis. 460; and *State ex rel. Durner v. Huegin, ante,* p. 185.

court); *In re Hardigan,* 57 Vt. 100 (1884) (habeas corpus court held committing magistrate lacked for jurisdiction because he refused to hear evidence); *In re Simon,* 13 N.Y.S. 399 (1891) (habeas corpus court properly held that magistrate lacked jurisdiction to commit child to reformatory without taking evidence); *State v. Hayden,* 35 Minn. 283 (1886) (habeas corpus court will inquire whether committing magistrate lacked jurisdiction or whether evidence supports commitment for trial); *People ex rel. Van Riper v. N.Y.C. Protectory,* 106 N.Y. 604 (1887) (sufficiency of complaint to magistrate to commit abandoned child is jurisdictional and reviewable on habeas corpus); *Ex Parte Becker,* 86 Cal. 402 (1890) (supreme court justice reviewed evidence on habeas corpus to determine if probable cause existed for commitment); *Ex Parte Willoughby,* 14 Nev. 451 (1881) (supreme court examined sufficiency of evidence before committing magistrate); *Jones v. Darnall,* 103 Ind. 569 (1885) (on appeal from habeas corpus order awarding child's custody to father, supreme court independently reviewed evidence as to child's best interests).

110 Wis. at 628, 86 N.W. at 564. *See also State ex rel. Augusta v. Losby*, 115 Wis. 57, 63–64, 90 N.W. 188, 191 (1902) (decision by quasi-judicial officer or board without evidence warranting the result reviewable on certiorari as jurisdictional error, citing *State ex rel. Durner*).[7]

William S. Church, *Habeas Corpus* (Rev. 2d ed. 1983), secs. 237 and 238, supports the distinction drawn in *State ex rel. Durner, supra.* Church discusses the power of a court on habeas corpus to review the decision of a committing magistrate. Sec. 237. Church states in sec. 238, "Where a defendant has been committed by a court of general jurisdiction, another court or judge will not disturb the commitment if the judge making it had colorable jurisdiction."

The *State ex rel. Durner* court also relied upon *Ex parte Bollman*, 8 U.S. 75 (1807), for the view that if a complaint is insufficient or if no competent evidence exists for a bindover by a magistrate, these are jurisdictional defects under "the common-law doctrine and the one to be followed where there is no statute affecting the subject otherwise." *State ex rel. Durner*, 110 Wis. at 236, 85 N.W.2d at 1057. Indeed, *Bollman* supports the extended position that such "jurisdictional defects" may be reached on habeas corpus even if the bindover is by

---

[7] *State ex rel. Augusta v. Losby*, 115 Wis. 57, 90 N.W. 188 (1902), became the precedent relied on in *Borgnis v. Falk Co.*, 147 Wis. 327, 359–60, 133 N.W. 209, 219 (1911), for the proposition that for an administrative agency to act without evidence when evidence is required or to make a decision contrary to all the evidence is "jurisdictional error." According to Professor Jaffe, the *Borgnis* language is an example of the "jurisdictional fact" concept devised "originally to justify a fairly limited judicial review of [administrative agency] orders otherwise immune. When American courts came to require adequate evidence of jurisdictional facts and finally of all relevant facts, the doctrine became *functus officio.*" Jaffe, *Judicial Review: Constitutional and Jurisdictional Fact*, 70 Harv. L. Rev. 953, 965–66 (1957).

a court rather than a magistrate, but those were not the facts in *State ex rel. Durner*.[8]

To summarize, we read *State ex rel. Durner, supra,* the Wisconsin cases it relies upon and the subsequent decisions relying on it, to rest on the difference between quasi-judicial officers or boards and courts, for purposes of habeas corpus review, and to consider the insufficiency of evidence as a jurisdictional defect only on review of a decision by a quasi-judicial officer or board.

### (2) *Effect of 1969 Criminal Code Revision*

Preliminary examinations were conducted by "magistrates" rather than by courts until the 1969 revision of the Wisconsin Criminal Code.[9]

---

[8] *Ex Parte Bollman,* 8 U.S. 75 (1807), was an original action in the United States Supreme Court for habeas corpus to review, among other things, the sufficiency of the evidence for a circuit court to bind the defendants over for trial for treason. The question arose whether the power to issue the writ was restricted by the fact that a circuit court had ordered the commitment. 8 U.S. at 89. Chief Justice John Marshall summarily disposed of the point, saying, "The only objection is, that the commitment has been made by a court having power to commit and to bail. Against this objection the argument from the bar has been so conclusive that nothing can be added to it." 8 U.S. at 100. This view has been criticized as overlooking a "sharp distinction" in common law between "superior common-law courts and the inferior tribunals." William F. Duker, *A Constitutional History of Habeas Corpus* 226 (1980). According to Duker, in habeas corpus to an inferior court, the common law courts required that jurisdiction be made manifest, and

Marshall therefore either rejected the incorporation of this notion into American law, or considered the Circuit Court of the District of Columbia an inferior court, or overlooked—accidentally or otherwise—this aspect of the nature of the writ. It is also possible that Marshall simply saw pretrial decisions as an exception to the rule of juridsiction, since the habeas corpus was the traditional method for securing release on bail.

*Id.* at 227.

[9] *See* Statutes of the Territory of Wisconsin, "An Act to provide for the arrest and examination of offenders, commitment for trial

Section 4654, Rev. Stats. 1898, applicable when *State ex rel. Durner, supra,* was decided, provided, "No information shall be filed against any person for any offense until such person shall have had a preliminary examination, as provided by law, before a justice of the peace or other examining magistrate or officer, . . . ." The procedure for the preliminary was set forth in ch. 195, Stats. 1898. Magistrates conducted preliminaries until the 1969 provisions. *See, e.g.,* secs. 954.08, 954.12, and 954.13, Stats. 1967.

It was early recognized that proceedings for examination of offenders and commitment for trial under ch. 195, Rev. Stats. 1898, were not "technically or properly speaking, proceedings in any court. They are proceedings before certain officers, known to the law as magistrates, for the purpose of carrying out the provisions of this chapter; . . . ." *State v. Sorenson,* 84 Wis. 27, 31, 53 N.W. 1124, 1125 (1893). The preliminary was not conducted in a court even if a circuit court judge sat as the magistrate. *State v. Friedl,* 259 Wis. 110, 112, 47 N.W.2d 306, 307 (1951).

Wisconsin's criminal code was revised by ch. 255, Laws of 1969, which originated as 1969 Assembly Bill 603. The prefatory note to the bill is printed with ch. 255, Laws of 1969 and states "The bill eliminates the position of 'magistrate' in the administration of criminal justice in Wisconsin. All criminal proceedings are to

and taking bail," secs. 12–18 (1839); ch. 145, secs. 12–18, Rev. Stats. 1849; ch. 176, secs. 12–19, Rev. Stats. 1858; secs. 4786–4792, Rev. Stats. 1878; secs. 4786–4792, Rev. Stats. 1898, renumbered by sec. 1, ch. 4, Laws of 1925 to secs. 361.12–361.18, Stats. 1925, amended and renumbered iby secs. 41, 44–47, ch. 631, Laws of 1949 to secs. 354.-08, 354.10–354.13, Stats. 1949, amended and renumbered by sec. 13, ch. 660, Laws of 1955, to secs. 954.08, 954.10–954.13, Stats. 1955. Section 954.13, amended by sec. 8, ch. 561, Laws of 1961, remained in effect until sec. 63, ch. 255, Laws of 1969, which created the present sec. 970.03 (1), Stats.

be held in courts before judges except that court commissioners may still issue warrants and admit defendants to bail at initial appearances." Section 63, ch. 255, Laws of 1969, created sec. 970.03(1), Stats. which provides, "A preliminary examination is a hearing before a court for the purpose of determining if there is probable cause to believe a felony has been committed by the defendant." The word "court" in the criminal procedure code means the circuit court unless otherwise indicated. Sec. 967.02(7), Stats.

Because "court" in sec. 970.03(1), Stats., means the judicial institution, the power to hold preliminary examinations has been granted "only to courts and not to judges or commissioners." *State ex rel. Perry v. Wolke,* 71 Wis. 2d 100, 107, 237 N.W.2d 678, 681 (1976).

The rationale in *State ex rel. Durner, supra,* for habeas corpus review of a bindover having rested on the distinction between a magistrate and a court, the 1969 substitution of circuit courts for magistrates removes the basis for the case-law rule that habeas corpus is available to test the evidentiary grounds for the bindover. The same substitution removes the basis for reviewing the conclusion that the factual allegations in the complaint are sufficient. As long as the complaint alleges that a crime has been committed, the circuit court has subject matter jurisdiction even if the criminal statute cannot be applied to the facts involved. *Mack v. State,* 93 Wis. 2d 287, 295, 286 N.W.2d 563, 567 (1980).

We return to the present law on habeas corpus.

4. *Court of Appeals May Refer Petition to Circuit Court*

The question remains whether the court of appeals may decline to exercise its jurisdiction and refer the petition for habeas corpus to the circuit court for review by a branch of that court other than the branch which

bound defendant over for trial. We conclude that we have that discretion, but we choose not to exercise it.

■

The primary function of the court of appeals is to provide appellate review. This is implicit in Wis. Const. art. VII, sec. 5(3), under which the court of appeals has such appellate jurisdiction as the legislature may provide by law and no original jurisdiction other than by prerogative writ.

The circuit courts as well as the court of appeals and the supreme court may grant habeas corpus. Secs. 782.-03, 782.06, Stats. To that extent, the circuit courts and the appellate courts have concurrent jurisdiction.

■

Because the primary function of the court of appeals is appellate, and because both the court of appeals and the circuit courts may grant habeas corpus, the court of appeals may in its discretion refer a habeas petition to the circuit court.

This discretionary right of the court of appeals exists by analogy to supreme court practice. *Petition of Heil*, 230 Wis. 428, 284 N.W. 42, (1939), held that the supreme court may decline to exercise its jurisdiction to grant relief by prerogative writ. The *Heil* court said,

This court is primarily an appellate court, and it should not be burdened with matters not clearly within its province if it is to discharge in a proper and efficient manner its primary function. Mere expedition of causes, convenience of parties to actions, and the prevention of a multiplicity of suits are matters which form no basis for the exercise of original jurisdiction of this court. Because it is the principal function of the circuit court to try cases and of this court to review cases which have been tried, due regard should be had to these fundamental considerations. Inasmuch as under the principles established the circuit court has jurisdiction to proceed, the excluding jurisdiction of this court will not be exercised in doubtful cases.

230 Wis. at 448, 284 N.W. at 50–51.

The supreme court noted in *State ex rel. LeFebre v. Abrahamson*, 103 Wis. 2d 197, 199, 307 N.W.2d 186, 187 (1981), that before the court of appeals was founded, the supreme court customarily declined to exercise its jurisdiction on an application to it for habeas corpus "on the grounds that the remedy before the local courts and judges was adequate and that the lower court's order on the application might come before us on review." The *LeFebre* court added:

Since the advent of an appellate court in Wisconsin having jurisdiction over applications for a writ of habeas corpus concurrent with our own, we have customarily transferred such applications to the district of the court of appeals in which the applicant resides, and we have done so whether the application was made to this court or to one of its justices.

103 Wis. 2d at 200–01, 307 N.W.2d at 188.

We decline to refer the petition to the circuit court because we did not immediately do so when it was filed. We turn to the merits of the petition for habeas corpus.

5. *Authority of Court Commissioner to Issue Warrant*

Petitioner argues that the complaint is defective because it is based on evidence obtained through a search warrant signed by a court commissioner who had not filed an oath of office as required by sec. 757.68(2), Stats. We disagree.

The facts are undisputed. Court Commissioner John Dithmar signed the search warrant. He was appointed court commissioner November 10, 1965 and filed an oath of office on that date. He has never been succeeded or removed. He was appointed part-time court commissioner December 17, 1982 by another judge and did not file his oath of office.

Section 757.68 (2), Stats., provides in part:

The appointing judge may remove, at will and without cause, any court commissioner appointed by the judge or the judge's predecessor in office. Unless he or she is so removed, the term of each court commissioner shall continue until the expiration of the term of the appointing judge and until the successor of the commissioner is appointed and qualified. Each court commissioner shall take and file the official oath in the office of clerk of the circuit court of the county for which appointed before performing any duty of the office.

The meaning of a statute is a question of law which we resolve without deference to the trial court's decision. *Town of Seymour v. City of Eau Claire,* 112 Wis. 2d 313, 319, 332 N.W.2d 821, 823 (Ct. App. 1983). We look first to the language of the statute itself. *Id.*

We conclude that the meaning of sec. 757.68 (2), Stats., is plain. Because a court commissioner's term continues "until the expiration of the term of the appointing judge and until the successor of the commissioner is appointed and qualified," and Dithmar filed his oath of office in 1965 and has not been succeeded or removed, he remains qualified.

6. *Complaint Sufficient*

Petitioner argues that the complaint does not establish probable cause. We disagree.

A criminal complaint must charge a crime and allege facts sufficient to persuade a neutral and detached magistrate that the accused probably committed the crime charged. *State v. O'Connor,* 77 Wis. 2d 261, 275–76, 252 N.W.2d 671, 677 (1977). The factual allegations must be sufficient or must permit the drawing of sufficient reasonable inferences to establish probable cause. *State v. Dekker,* 112 Wis. 2d 304, 310, 332 N.W.2d 816,

819 (Ct. App. 1983). If reasonable inferences may be drawn establishing probable cause and equally reasonable inferences may be drawn to the contrary, the complaint is sufficient. *Compare State v. Dunn*, 121 Wis. 2d 389, 398, 359 N.W.2d 151, 155 (1984) (for purposes of preliminary examination, probable cause shown if based on reasonable inferences even if contrary inferences are equally reasonable). Which inferences are reasonable is a question of law which an appellate court may independently resolve. *Pfeiffer v. World Services Life Ins. Co.*, 121 Wis. 2d 567, 570, 360 N.W.2d 65, 67 (Ct. App. 1984).

The complaint charges the petitioner with possession of a controlled substance with intent to deliver, party to crime, contrary to secs. 939.05 and 161.41(1m), Stats. Petitioner may be convicted of the commission of the crime if she directly committed it, aided and abetted its commission or was a party to a conspiracy to commit it. Sec. 939.05(2)(a)–(c).

The factual part of the complaint states that Rick Harrer told police that March 10, 1983, he and Patricia Gibbs drove from Neenah to a house at 1025 Reservoir Avenue in Plain. They entered the house and gave Michael McCaffrey $8,000 as payment for an earlier marijuana purchase. McCaffrey went to another room with the money and then returned. McCaffrey, Harrer and Gibbs left the house and drove to a farmhouse. McCaffrey entered the farmhouse and returned with a 55-pound bale of suspected marijuana, which he sold to Harrer for $480.00 per pound.

The complaint continues that March 11, 1983 at about 1:00 a.m. a search warrant was executed at 1025 Reservoir Avenue. Michael McCaffrey answered the door. Police found $9,750 in a shaving kit in a closet attached to the master bedroom. Two garbage bags were seized. Each contained six pounds of suspected marijuana. One

bag was located near the bathroom area of the house and the second was near the bedroom. The sole reference to petitioner in the complaint is as follows: "Bolz [a Sauk county detective] states, that the only other person present in the house at that time was a Debra McCaffrey, who was located in the bedroom area of the house."

A crime charging possession with intent to deliver must contain facts establishing possession. *Ritacca v. Kenosha County Court*, 91 Wis. 2d 72, 82, 280 N.W.2d 751, 756 (1979). Possession may be imputed if petitioner had knowledge of the presence of the drug and it is found in a place immediately accessible to and under her exclusive or joint dominion and control. *Schmidt v. State*, 77 Wis. 2d 370, 379, 253 N.W.2d 204, 208 (1977).

For purposes of probable cause, it is reasonable to infer from their same last names and presence at 1:00 a.m. in the same home that petitioner is the wife of Michael McCaffrey. Although the inference that defendant is McCaffrey's mother, daughter or sister may be equally reasonable, we cannot choose between conflicting inferences if one supports a basis for probable cause. *Compare State v. Dunn*, 121 Wis. 2d 389, 398, 359 N.W.2d 151, 155 (1984) (if reasonable inference supports probable cause and equally reasonable inference is to the contrary, judge conducting preliminary hearing should find probable cause). It is reasonable to infer that a wife has joint dominion and control over the contents of the house she occupies with her husband. The complaint therefore is sufficient to show that petitioner exercised joint dominion and control over the house.

When determining whether probable cause exists, the inference is reasonable that petitioner knew the mari-

juana was present in the house. Twelve pounds is a considerable amount, enough from which it likely that a person in joint control of the house would know that marijuana was present.

Accordingly, we conclude that the trial court properly denied defendant's motion to dismiss the complaint.

7. *Preliminary Hearing*

Petitioner argues that probable cause was not shown at her preliminary hearing. Again we disagree.

Petitioner may be bound over for trial if the evidence at the preliminary hearing is sufficient to establish probable cause that she probably committed a felony. Sec. 970.03(1), Stats. The preliminary is not the proper forum to weigh the state's evidence against evidence favorable to the petitioner. *State v. Dunn*, 121 Wis. 389, 398, 359 N.W.2d 151, 155 (1984). "If the hearing judge determines after hearing the evidence that a reasonable inference supports the probable cause determination, the judge should bind the defendant over for trial." *Id.*

Sauk County Deputy Sheriff Manny Bolz testified that he participated in the search of petitioner's house March 11, 1983 at about 1:20 a.m. Petitioner was in bed in the master bedroom. A brown shaving kit containing $9,750 was found on the shelf in a closet off the master bedroom. A garbage bag containing six pounds of suspected marijuana was found in an entry way. A second bag containing an equal amount was found in the basement. The substance tested positively for tetrahydrocannabinols. $1,590 was found in a canister on the kitchen counter marked "Tea." Petitioner was listed in the phone book at the address of the house.

We conclude that for purposes of probable cause at the preliminary, it can be reasonably inferred from the evidence that petitioner exercised joint dominion and

control over the house and knew of the marijuana. Intent to deliver can be inferred from the quantity of the marijuana. The trial court did not err in binding petitioner over for trial.

Accordingly, we deny the petition for habeas corpus.