GELHAUS & BROST, INC.,† James and Judith Hince, Vernon Krakenberger and Dorothy Krakenberger, Medford Cooperative, Medford Motors, Inc., Robert and Judith Oestrich, Ann Roemer, The Star News, Inc., Armond E. and Marcella J. Amacher, and/or Strebig Auto, Inc., Plaintiffs-Respondents,

v.

CITY OF MEDFORD, Defendant-Appellant.

Court of Appeals

*No. 87–0703. Orally argued November 16, 1987.—Decided January 26, 1988.*

(Also reported in 420 N.W.2d 775.)

† Petition to review dismissed.

194

For the defendant-appellant there were briefs and oral argument by *Thomas M. Rusch* of *Rusch & Rusch Law Office, S.C.,* of Medford.

For the plaintiffs-respondents there was a brief by *Corliss V. Jensen* and *William A. Grunewald,* of *Nikolay, Jensen, Scott, Gamoke & Grunewald, S.C.* of Medford. Oral argument by *William A. Grunewald.*

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   In a previous proceeding the property owners[1] appealed a special assessment under sec. 66.60(12), Stats., and the circuit court affirmed the assessment. The property owners then appealed to this court, which affirmed in part and reversed in part the circuit court's judgment. *Gelhaus v. City of Medford,* No. 84–1922, unpublished slip op. (Wis. Ct. App. Jan. 21, 1986). In reversing, this court concluded that the assessment procedure was jurisdictionally defective because Medford failed to include a "Statement of Benefit" as required by sec. 66.60(3)(d), Stats. *Gelhaus* at 5. In so holding, we recognized that Medford could proceed under sec. 66.60(10), Stats., to confirm the assessments.

After Medford filed the Statement of Benefit, it proceeded under sec. 66.60(10). On April 29, 1986, it confirmed the special assessments. On January 30, 1987, the trial court, on a motion by the property

---

[1]We refer to the plaintiffs-respondents as property owners in this opinion.

owners, ordered that Medford "expunge any interest accruing upon the special assessment" from the date of the assessment until April 29, 1986.

Medford now appeals the trial court's order. It initially argues that the trial court erroneously expunged the accrued interest on the assessments after they were confirmed by the city. We agree.

Section 66.60(10), provides in part:

> [I]f any assessment is void or invalid for any reason, or if the governing body shall determine to reconsider and reopen any assessment, it is empowered, after giving notice as provided in sub. (7) and after a public hearing, to amend, cancel or confirm any such prior assessment . . . .

The statute empowers a municipality to "confirm" an invalid or void assessment. The statute does not, however, expressly address the collection of interest on the void or invalid assessment. *See* sec. 66.54(7)(f), Stats. Therefore, the issue presented is whether confirmation under sec. 66.60(10) permits interest to be collected from the date of the original assessment.

The interpretation of a statute is a question of law that we review without deference to the trial court's decision. *State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 234, 369 N.W.2d 743, 753 (Ct. App. 1985). Because sec. 66.10(10) is unclear as to the effect of confirmation, we may look to the scope, subject matter, and object of the statute to determine legislative intent. *DeMars v. LaPour,* 123 Wis. 2d 366, 370, 366 N.W.2d 891, 893 (1985). We will presume that the legislature intended an interpretation that advances the purposes

of the statute. *Belleville State Bank v. Steele,* 117 Wis. 2d 563, 570, 345 N.W.2d 405, 409 (1984).

■

A review of the statutory scheme dealing with special assessments reveals the legislative intent that, where an invalid assessment is later confirmed pursuant to sec. 66.60(10), the confirmed assessment bears interest in the same manner and from the same date as the original assessment.

First, the statute attempts to fairly allocate the costs according to the benefits received. Special assessments are levied against "property in a limited and determinable area for special benefits conferred upon such property." Section 66.60(1)(a), Stats. If the property owners who benefited from the improvements were permitted to withhold interest payments on the amount of the assessment remaining unpaid during the period between the original assessment and the confirmed assessment, that interest would have to be paid out of the municipality's general funds. This would frustrate the purpose of the statutory scheme to levy the assessment in a "limited and determinable area" by distorting the burden between a general taxpayer and those receiving the benefit of the improvement.

Further, to conclude that interest may not be collected from the date of the original assessment would result in disparate treatment between the classes of property owners. It would allow those who pay by installment to escape payment of interest, while depriving those who paid in full at the time of assessment the value of the use of their money, an equivalent of interest.

Second, the statute contemplates the assessment be effective at the time the benefit is received.

Although installment payments are permitted, sec. 66.605, Stats., the special assessment becomes a lien against the property from the date of the determination of the assessment. Section 66.60(15), Stats. In addition, taking an appeal does not affect the duty of the property owner to pay the assessment pending the appeal. Section 66.60(12)(f) requires the payment of the assessment as a condition to the maintenance of such appeal. Upon default of the payment, the appeal shall be dismissed. *Id.* Moreover, the property owners cannot avoid the obligation to pay penalties for delinquent and tax payments by taking an appeal. Section 66.60(15), Stats.

Accordingly, we conclude that upon confirmation, the statute authorizes interest as of the date of the original assessment in order to achieve a statutory purpose of having the benefit and the assessment contemporaneous. Our interpretation is consistent with the legislature's use of the word "confirm." To confirm is "to complete or establish that which was imperfect or uncertain; to ratify what has been done without authority or insufficiently." *See* Blacks Law Dictionary 270 (5th ed. 1979). Consequently, we conclude that upon the filing of the Statement of Benefit, Medford was entitled to confirm the original assessment, thus validating what was previously done insufficiently. The confirmation's effect is to authorize interest to be collected from the date of the original assessment.

Medford raises two additional issues on appeal. First, it argues that the trial court erred by awarding trial court costs to the property owners. We disagree. After the initial appeal, the trial court ordered that

the property owners were entitled to recover their trial court costs. Section 66.60(12) provides that costs in special assessment proceedings are to be awarded as provided in sec. 893.80(2), Stats., which states:

> If in an action the claimant recovers a greater sum than was allowed, the claimant shall recover costs, otherwise the defendant shall recover costs.

In this action, the facts support the trial court's determination that claimant property owners ultimately prevailed, because of our previous decision that the original special assessment was invalid. Accordingly, the trial court correctly awarded the property owners their trial court costs.

Finally, we reject Medford's argument that the court erred by entering judgment for $50 costs. The supreme court denied Medford's petition for review, and ordered $50 costs to the property owners. Because the supreme court had ordered costs, the clerk of the trial court was required to docket the judgment for costs in accordance with sec. 806.16, Stats. *See* sec. 809.25, Stats. Thus, the trial court's judgment for costs in the sum of $50 was unnecessary, but because the property owners were entitled to the judgment, it was not error.

*By the Court.*—Order affirmed in part and reversed in part. No costs to either party.